## No. 11,381.

## BOARD OF HEALTH VS. MAGINNIS COTTON MILLS.

ON MOTION TO FILE TRANSCRIPT OF APPEAL WITHOUT DEPOSIT FOR COSTS.

The Board of Health having failed to show that it comes within the statute "ex empting the State from furnishing security for costs in the courts of this State," a rule taken in its behalf, upon the clerk of this court, requiring him to file a transcript without first furnishing the security or making the cash deposit required by the rules of this court, will be discharged.

ON THE MERITS.

The nuisance charged, if it exists at all, is of that character which should be abated.

A civil action on behalf of the public will lie if the nuisance is public.

A nuisance *per se* may be abated which affects the health, and under proper limitations and restrictions a writ of injunction may be issued.

Board of Health vs. Cotton Mills.

The functions of that writ, in behalf of the public, should only be exercised on the broad grounds of preventing irreparable injury, interminable litigation, and the protection of a public right. Their exercise is subject to the same perils and liabilities as an individual, if the thing abated is not in fact a nuisance.

The plaintiff has alleged a nuisance *per se*.

For the trial of an exception of no cause of action, the facts are necessarily admitted.

The right to the writ, at this point of the case, is shown on the face of the papers, and therefore the injunction is reinstated for further proceeding.

APPEAL from the Civil District Court, Parish of Orleans. *Theard, J.*

### ON MOTION TO FILE TRANSCRIPT OF APPEAL WITHOUT DEPOSIT FOR COSTS.

*Frank McGloin*, Attorney for the Board of Health, for the motion:

This Honorable Court has time and again declared that the State of Louisiana, as the sovereign, and as matter of privilege, is entitled to litigate in her own courts without payment of costs. Succession of Townsend, 40 An. 66; State vs. Taylor, 34 An. 978; State vs. Taylor, 33 An. 1270.

The Board of Health is a branch of the State government, having under its care the health of the entire State. Act 1882, No. 92, p. 114, Sec. 4; Revised Statutes 1870, Title Quarantine; Act 1882, No. 82, p. 103, Secs. 5, 6.

The business which the Board of Health conducts is strictly the business of the State, and it is a branch of the State government purely and simply. If the sovereignty of the State protects it from paying costs in its own courts, this sovereign exemption should apply to its business by whatsoever agency conducted. The State must act through agents.

### ON THE MERITS.

*Frank McGloin* for the Board of Health, Plaintiff and Appellant:

Issues or outlets through which water flows from the water closets or cesspools of a large factory into the gutters of a city are nuisances *per se*, public in their character. Parker and Worthington on Public Health and Safety, Secs. 177, 187, note; Wood on Nuisances, Ed. 1893, Sec. 579, p. 799; *Ib.*, pp. 150, 582; Board of Health vs. Casey, 3 N. Y., Supp. 399; 18 N. Y. St. 251; Board of Health vs. Hutchinson, 12 Stew. Eq. 218.

In this State, the writ of injunction is a statutory remedy; and a legal remedy, as well as equitabie. It will issue at the instance of the city of New Orleans to abate a public nuisance.

A municipal corporation, charged to preserve the public health within its corporate limits, may enjoin a public nuisance, notwithstanding its police regulations impose a fine upon those establishing such nuisance. Wood on Nuisances, Ed. 1893, Sec. 777, p. 1119; Sec. 743, p. 974; 14 An. 274; 11 M. 620; 36 An. 163.

The Board of Health of the State of Louisiana has jurisdiction to enact sanitary ordinances for operation within the city of New Orleans, and is authorized to cause the removal of things prejudicial to the public health, and to aid in discharge of this duty it may seek out injunction against persistent public nuisances. Act 14 of 1870, extra session; Act 80 of 1877; Act 92 of 1882.

---

*Gilmore & Baldwin* Attorneys for Defendants and Appellees:

An injunction will not be granted to restrain an alleged nuisance where there is an adequate remedy by statute. Wood on Nuisances, S. 777, p. 1119.

The existence of a legal remedy in cases of alleged nuisances will be sufficient ground for withholding an injunction. High on Injunctions, S. 745.

Where an injunction granted *ex parte* has been dissolved by the lower court on exceptions to the jurisdiction and of no cause of action, the Supreme Court will not reverse the finding of the court below and grant the injunction where there is adequate remedy provided by municipal ordinance for procedure on abatement of nuisance.

A municipal ordinance is a statute within the meaning of the word as used in the expression of courts and text writers, "Adequate remedy by statute."

---

ON MOTION TO FILE TRANSCRIPT OF APPEAL WITHOUT DEPOSIT FOR COSTS.

The opinion of the court was delivered by

WATKINS, J. On motion of the counsel for the Board of Health as appellant, a rule was granted upon the clerk of this court to show

cause why its appeal should not be filed without making the cash deposit required of other parties litigant, because the Board of Health, acting in the interest of the State and its people, is entitled to litigate in the courts of this State without the payment of costs.

In answer to the rule the clerk avers that (1) there is no law of this State which exempts the plaintiff in rule from making the deposit required by the rules of this court; (2) nor is there any law of this State which relieves the plaintiff in rule from the payment of clerk's costs incurred in this court.

Under the law the clerk of this court is entitled to demand and receive fees which are fixed. R. S., Sec. 756.

Under the rules of this court the party applying for the filing of a transcript in a cause in this court must first render to the clerk his bond and security, or make a deposit of twenty dollars. Rule 2. The contention of plaintiff in rule, that the Board of Health being a part of the machinery of the State government, can not, for that reason, be required to pay costs or furnish security for costs, is applicable with equal force to every municipal and parochial corporation in the State—they constituting a part of the machinery of the State government also.

The law exempts the State from furnishing security for costs, but the exemption must be strictly construed—the language of the statute being that " no court of this State, nor officer thereof, shall demand of the State, or of the Attorney General, any security for costs, or advance costs," etc. Sec. 1, Act 65 of 1884.

Counsel for appellant has referred us to the following cases as supporting this theory of plaintiff in rule, viz.: State vs. Taylor, 34 An. 978; Succession of Townsend, 40 An. 66; State vs. Taylor, 33 An. 1270.

In the *first* case cited the court said: " By special legislation all costs incurred in criminal prosecutions are to be paid by the respective parishes in which the offence charged may have been committed. R. S., Sec. 1042. .

" Hence, it would be a more than idle ceremony to exact of the *State* security for costs which are not chargeable to her. 'It is well settled in American jurisprudence that the sovereign never pays costs.' This doctrine, which is essential to our system of gov-

ernment, was recently recognized by us in the case of the State vs. Succession of Taylor.  33 An. 1271.''

The same principle was recognized in Succession of Townsend, 40 An. 66, and followed in State *ex rel.* Attorney General vs. Lazarus, 40 An. 856.

It is the duty of the plaintiff in rule to make out a clear case of exemption from the rule of law applicable to other litigants, but this it has not done, and its rule must be discharged.

It is therefore ordered, adjudged and decreed that the plaintiff's rule be discharged at its costs.

## ON THE MERITS.

The opinion of the court was delivered by

BREAUX, J.  This was an application for a writ of injunction directed to the defendant.

The petition of the Board of Health, in substance, sets out that the Maginnis Cotton Mills maintains issues or outlets from the privies and cesspools of its large factory into the public gutters of the city.

That through these outlets from the privies, cesspools, or water closets upon its property to the public gutters there flows fecal and other offensive, dangerous and injurious matter to the peril and detriment of public health and to the inconvenience of the public; that these issues or outlets are a nuisance, to abate which an injunction should issue.

Petitioner alleges that it has ordered and enjoined the defendant to close these outlets.  That the defendant refuses to comply and has ignored the notices served.

The plaintiff avers that it is specially charged with the protection and preservation of public health and the removal of causes exposing the health of the inhabitants.

That the city of New Orleans has prohibited the use of any issue or other communication leading offensive matter from privies, water closets or cesspools into the public streets or gutters.

The first of these ordinances in date, copied in the transcript, ordains that privies shall be so constructed as not to have any outlet on any street, way, yard or place, and that any person violating the section shall be liable to a fine not to exceed twenty dollars and the court shall order the privy to be reconstructed in accordance with

the specifications contained in the ordinance; and in case of non-compliance, the party at fault shall be subject to another penalty not exceeding twenty dollars; and it is also ordained that the Board of Health may have the work done required by the ordinance and recover the expense from the person not complying in any court of competent jurisdiction.

This ordinance was amended, and the specifications for building privies were changed and enlarged so that the system shall apply to factories and other establishments in which a large number of workmen are employed.

· The penalties fixed in the original ordinance was affirmed in the amending ordinances.

The plaintiff alleges that it, the Board of Health, also in addition and for reasons similar to those that moved the city of New Orleans, prohibited the establishment or use of the issues or communications of which it complains.               .

To the petition of the plaintiff exceptions of no cause of action and to the jurisdiction of the court, *ratione materiæ*, were filed.

The exception of no cause of action only is argued in this court.

This exception was maintained by the judge of the District Court.

The nuisance being denounced by ordinances of the city of New Orleans and a penalty provided against those who commit the nuisance, it is contended that a writ of injunction should not issue, and that the authority seeking to abate the nuisance must find procedure in the statute itself.

The Board of Health, by Act 14 of 1870, was invested by the State with the power of removal of " any substance, matter or thing which they may deem detrimental to health."

It was also authorized to adopt sanitary ordinances and to fix penalties for their enforcement.

By Act 80 of 1877, the board was given power, on the concurrence of the City Council, to provide for, protect and preserve, by adequate means, the health and salubrity of the city of New Orleans, and, with the consent of the council, incur reasonable expenses to that end.

The act contains the following section:

" This act shall not be construed so as to deprive the Board of Health of any powers and authority it has under existing laws."

Section 6 of the act provides that the " board shall, in any suit or

proceeding in which it may be a party, obtain all writs, appeals or other process without being compelled to furnish bond."

The plaintiff and the City Council co-operated in adopting the first ordinance, No. 4077.

The amended city ordinances were passed by the City Council only.

The plaintiff seeks to abate an alleged nuisance by injunction, and not by the collection of a fine or the removal of the cause of nuisance by the commissioner of streets, in accordance with authority conferred for such removal.

The authority to enforce the ordinance by imposing a fine, the board contends, is too limited to prove of any service; and it is urged that the first fine, which may be much less than the limit, is imposable only once for building a privy in violation of specifications, and the second fine, also imposable only once, may be imposed for failing to obey the order to reconstruct the work and make it comply with the ordinance.

It is also argued, in behalf of plaintiff, that the jurisdiction of the Recorder's Court does not include jurisdiction over all remedies needful to enforce these ordinances and to secure prohibition from their violation that will prove effective.

The defendant argues, through counsel, that there is adequate remedy by statute, and that an injunction should not "be granted to restrain an alleged nuisance."

In weighing the different grounds of attack and defence, it suggests itself that the nuisance is no longer an "alleged nuisance."

In the present condition of the case for the purpose of the trial of the issues on the exception of the defendant the nuisance is necessarily admitted.

The fact of the nuisance is clear.

The right of the plaintiff is well defined and the law on which it depends not doubtful. They have an established right to remove the nuisance.

No judgment *at law* would add to the admitted violation.

The right to abatement being made manifest by the allegations admitted as true, it only remains for us to determine whether further remedy shall be prosecuted before the Recorder's Court or the District Court.

Each of these courts has jurisdiction over certain questions in-

volved. These are questions exclusively within the jurisdiction of the District Court.

The fact that there is a partial or even complete remedy in another tribunal in different proceedings will not alone prevent injunctive relief, but it is good reason to confine that relief to cases of a very plain character, with great prudence, where there is a continuous nuisance and to prevent its threatened repetition. Even then every step possible and legal should be taken in order not to inflict wrongful damage and loss.

The writt of injunction is of the highest character and should be granted to municipal authority on the broad ground only of "preventing irreparable injury, interminable litigation, a multiplicity of actions and the protection of rights."

It should be hedged by limitations and restrictions, and if needful its enforcement suspended until it is ascertained that a public right is violated.

"If the authorities abate a nuisance under the authority of an ordinance of the city, they are subject to the same perils and liabilities as an individual if the thing abated is not in fact a nuisance." Wood on Nuisances, p. 976, 3d Ed.

The nuisance is clearly of that character, if it exists at all, which should be abated, if needful, by process of injunction.

We would not feel justified in curtailing the court's authority in cases of the character of the one at bar, unless the grounds were quite clear.

To plaintiff is given the power and imposed the duty of preserving and promoting public health and to that end it is invested with authority to sue for the removal of public nuisances.

It may be said of the case at bar as was said of other similar cases: "There are many cases, of which this would seem to be one, where the remedy by injunction would be much more efficacious than by enforcing the penalties of an ordinance." Wood on Nuisances, 3d Ed., p. 974, note 1.

High on Injunctions, 3d Ed., p. 568, approvingly quotes the following:

"So if plaintiff's right is clear and the injury is manifest and of a constantly recurring nature, the relief may be granted without requiring the fact of injury to be determined by an action at law."

It is announced with clearness and emphasis in Wood on Nuisances, p. 1120 (note)—

" That an injunction is a proper remedy to stay mischief resulting from a public nuisance."

In City of New Orleans vs. S. Lambert, 14 An. 247, the nuisance was not as great as the nuisance complained of in the case at bar.

The court held that the facts set forth in the petition authorized an injunction.

We do not wish to be understood as favoring hasty action in the matter of injunction applied for without bond in the interest of the public.

But where health is exposed, if there is a nuisance it should be abated, even if injunction must be resorted to for its abatement.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, the injunction reinstated and the cause remanded to the District Court for further proceeding according to law, and that appellee pay the cost of this appeal.