SAMUEL, Judge.
Plaintiff filed this suit against Farnsworth & Chambers Co., Inc., contractors, and Tulane University of Louisiana for damages to his residence at 2331 Palmer Avenue in the City of New Orleans allegedly caused by vibrations resulting from the operation of large dump trucks on Palmer Avenue. Farnsworth is not involved in this appeal; the suit against that defendant remains in the district court pending trial.
The petition alleges that during May or June of 1959 Tulane contracted with Farns-worth, and other contractors unknown to petitioner, to conduct excavating operations and to haul mud, sand, crushed concrete, brick and mortar from the Tulane campus; the hauling was done by large trucks which proceeded out Palmer Avenue and passed in front of petitioner’s residence; some of the materials being hauled fell from the trucks to the street’s surface where they hardened and adhered in large lumps; the damages were caused by the negligence of Tulane and Farnsworth and their agents in overloading the trucks as to weight and bulk and in driving them at excessive and an unlawful speed.
To this petition Tulane filed exceptions of no cause or right of action and an answer. The trial court overruled the exception of no right of action and maintained the exception of no cause of action with leave to amend in 15 days. T.he basis for maintaining the exception of no cause of action, and the deficiency in the petition which plaintiff was given time to cure by amendment, was the absence from the petition of any allegations showing actionable negligence on the part of Tulane.
In compliance with the judgment plaintiff filed a supplemental petition which alleged that some of the hauling complained of had been done by trucks owned by the University and operated by its employees and some of the hauling had been done by Farnsworth’s trucks under the direction and control of the University. This petition also set the time of the occurrence as every week day during the months of July, August and September, 1959.
On August 17, 1961 Tulane filed an answer denying the allegations of the supplemental petition and also filed a motion for summary judgment to which latter it attached an affidavit executed by its resident architect. The affidavit sets out in detail all of the activity by Tulane as to the use of its own trucks and trucks hired by the University for use on any construe *102 tion work during the period beginning October 23, 1958, and ending October 1, 1959, and shows that there was no activity by any such trucks from April 27, 1959 to October 1, 1959.
The motion for summary judgment was continued on several occasions and came to trial on July 7, 1961. On that date plaintiff filed a second supplemental petition and an affidavit by one of the residents in plaintiff’s neighborhood. This affidavit declares that during the months of June and September a large number of heavy trucks carrying mud and debris were driven on Palmer Avenue in the 2300 block, spilling a large amount of mud on the street and causing severe vibrations in affiant’s home. However, nothing in the affidavit connects Tulane with these trucks or with this activity in any way beyond stating that the trucks came from the direction of the Tulane campus.
The motion was taken under advisement by the trial court and on July 10, 1961 judgment was rendered and signed granting the motion and dismissing plaintiff’s suit as to Tulane.
On July 13, plaintiff filed a motion and rule for a new trial, the first article of which reads as follows:
“I.
“That attorney for petitioner was delayed in interviewing petitioner Richard E. Farrell and obtaining the names of witnesses known to said petitioner, because said Richard E. Farrell has been ill and confined and presently is confined to the Baptist Hospital in Room 319.”
Attached to the motion and rule are two copies of letters allegedly from the Tulane architect who made the affidavit attached to Tulane’s motion for summary judgment, a copy of a letter from a construction company relative to the cost of repairing damages to the Farrell property, and affidavits by the plaintiff and three other persons relative to the trucking operation.
The motion and rule for a new trial was heard and submitted on October 20, 1961, and judgment dismissing the rule and denying the new trial was rendered and signed on October 23, 1961.
Plaintiff has appealed. Although argument and briefs by both counsel are concerned only with the summary judgment as such, it is quite clear from the petition for, and order of, appeal and from the copy of the appeal bond which appears in the record that this suspensive and devolutive appeal has been taken only from the judgment rendered and signed on October 23, 1961, i. e., the judgment dismissing and denying the motion and rule for a new trial. Accordingly, that judgment is the only one before this court; the summary judgment is not.
LSA-Code of Civil Procedure Articles 1972 and 1973 regulate the granting of a new trial. These articles provide:
“Peremptory grounds
“A new trial shall be granted, upon contradictory motion of any party, in the following cases:
“(1) Where the judgment appears clearly contrary to the law and the evidence;
“(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
“(3) In jury cases, as provided in Article 1814.” LSA-C.C.P. Art. 1972.
“Discretionary grounds
“A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” LSA-C.C.P. Art. 1973.
The motion here under consideration obviously does not come under *103 subsections (2) or (3) of Article 1972, for this is not a jury case and the motion contains no allegation to the effect that evidence important to the cause has been discovered since the trial. The only allegation relative to the discovery of new evidence, or to the diligence required in obtaining that evidence, is the hereinabove quoted Article 1 of the motion and that article is insufficient to bring the motion under subsection (2). Nor does it come under subsection (1). The summary judgment does not appear to be clearly contrary to the law and the evidence. The opposite is true. While there is before us only the question of the correctness of the judgment dismissing and denying the motion and rule for a new trial, in view of the fact that counsel for both litigants have devoted all of their efforts to the summary judgment itself and of the fact that counsel for Tulane makes no objection to a consideration by us of the summary judgment, we have carefully reviewed the entire record. This review, even including the additional affidavit found therein and the documents filed in connection with the motion for a new trial, all of which counsel for the University contends are not properly before this court and were not properly before the trial court, convinces us that the summary judgment is correct. The affidavits show nothing more than the one filed with plaintiff’s second supplemental petition and already discussed and there is no contradiction, as contended by plaintiff, between the architect’s letter and his affidavit. That letter, by its own terms, refers only to alleged damage by trucks employed by Farnsworth for construction work on the Tulane campus and has no reference to trucks either owned or hired by the University. Plaintiff’s offers fail to show any factual or legal connection, between the University and the trucking activity forming the sole basis of plaintiff’s case, which could possibly result in liability on the part of the University. The only showing on this point is- contained in the affidavit by the architect, which affidavit was offered by the University, and it negates the possibility of any such liability. There is involved here no genuine issue as to material fact and the defendant was entitled to the summary judgment as a matter of law under the provisions of LSA-Code of Civil Procedure Article 966.
Plaintiff’s motion for a new trial comes under the above quoted LSA-Code of Civil Procedure Article 1973 and the granting or refusing to grant a new trial was within the sound discretion of the trial court. Since we are of the opinion that the summary judgment is correct, it necessarily follows that the trial judge did not abuse his discretion in refusing to grant a new trial.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.