146 So.2d 7 (1962)
Alfred VILLAVASSO, Individually, and in His Capacity as Administrator of the Estate of His Minor Son, Allen Villavasso
v.
LINCOLN BEACH CORPORATION, Associated Indemnity Corporation and Indemnity Insurance Company of North America.
No. 775.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1962.
*8 Dowling & McBride, John P. Dowling, New Orleans, for plaintiff-appellant.
Lemle & Kelleher, Carl J. Schumacher, Jr., New Orleans, George Brooks, for defendants-appellees.
Before JOHNSON, DALFERES and EDWARDS, JJ.
JOHNSON, Judge.
Defendant, Lincoln Beach Corporation, operates an amusement park on the lake in the City of New Orleans. Its liability insurer on May 27, 1959, was Associated Indemnity Corporation. Mitchel C. Morehead occupied an assigned area of the park as a concessionaire where he owned and operated types of coin amusement units, one of which was called "Ray-O-Lite Rifle Range Coon Hunt Machine," which was described by plaintiff's petition as an amusement device operated with a gun which, when contact is made with an electric current, threw a beam of light on the "coon," thereby making the "coon" growl and fall. The petition alleges that this particular machine was manufactured by J. P. Seeburg Corporation, a foreign corporation; that the Indemnity Insurance Company of North America insured any liability of the manufacturer arising out of defects in the manufacture, installation and maintenance of said machine; that Allen Villavasso, the minor son of plaintiff, in attempting to play that machine sustained severe personal injuries from shock as a result of alleged defects in the machine and of certain negligent acts of commission and omission on the part of Lincoln Beach Corporation, Morehead and the manufacturer. Plaintiff seeks to recover damages for himself individually and on behalf of his minor son. The Lincoln Beach Corporation, Associated Indemnity Corporation, Mitchel C. Morehead and Indemnity Insurance Company of North America are made defendants. The plaintiff prayed for a trial by jury and the Court issued its order on the same day the petition was filed that the case be tried by a jury.
Each defendant filed an answer and the case was tried before a jury on the merits on May 8 and 9, 1961. The jury failed to agree, a mistrial was declared and the jurors discharged.
On May 17, 1961, counsel for defendant, Indemnity Insurance Company of North America, filed a written motion for summary judgment dismissing the case as against that defendant, and on May 22, 1961, the trial Court signed an ex parte judgment dismissing the suit as to that defendant. Plaintiff has appealed from that judgment. There is no extract of any minute *9 record of that motion or of the judgment.
In order to present a complete history of the steps taken in the trial Court, which finally resulted in this appeal, it is necessary to recite from the record what was done and said. When the trial, the argument of counsel and the Court's charge to the jury were completed, the jury retired to commence its deliberations. Immediately after the jury retired and in open Court counsel for defendant Indemnity Insurance Company of North America, said:
"May it please the Court, realizing that our New Code of Practice does not contain explicit provisions for a motion for a directive verdict, I wish at this time to make a motion for a summary judgment under authority of New Code of Practice, Article 966, on the ground as between the plaintiffs and my client, the Indemnity Insurance Company of North America, there does not exist any genuine issue as to any material fact, and I request your Honor to defer ruling on my motion at least until after the Jury returns.
"BY THE COURT:
"All right, I'll be glad to do that."
The jury completed its deliberation and returned into the Court. In open Court the foreman reported as follows:
"Your Honor, we have a little difference of opinion on one of the issues. As we understood it, there were two issues to be decided before we ever made any decision as to liability. The first one that was voted upon was question of whether an accident had occurred. We all agreed that an accident had occurred. The second was whether an injury was sustained in this accident, and we all agreed on that. Then as to the cause of the accident, whether it was the cause of this gun or some other cause we couldn't reach a decision, and it doesn't appear that we're going to. We had no majority either way."
Whereupon the following was said by the Court and counsel for said defendant:
"BY THE COURT:
"Well gentlemen, it would appear the Jury is unable to reach an agreement, and we will discharge the Jury and set the case down for trial in the next term of Court. So the Jury is discharged with the thanks of the Court, and you gentlemen please return on the 15th, on the 15th, which is next Monday, no, no, I'm sorry Tuesday, Tuesday, the 16th. Thank you.
"BY MR. SCHUMACHER:
"Your Honor, at this point I would like to reurge my motion for summary judgment and make part of that judgment the entire testimonial record in case.
"BY THE COURT:
"I don't know whether I will rule on it or not. It may be that it should go back. I'll just have to see. I just don't know whether I'd rule on it or not. Well, that's all, gentlemen. Thank you."
Nothing else was done until May 17, 1961, when Mr. Schumacher, counsel for said defendant, filed in the record the following written motion:
"Now comes the defendant, Indemnity Insurance Company of North America, and moves the Court for a summary judgment in its behalf under authority of Code of Practice Article 966, on the ground that the pleadings and the record including all of the testimony and exhibits taken and entered in open Court on May 8 and 9, 1961, show that as between the plaintiffs and this defendant as the products liability insurer of J. P. Seeburg Corporation there is no genuine issue as to any material fact, and that the mover Indemnity *10 Insurance Company of North America is entitled to a judgment dismissing the plaintiffs' suit as to that defendant, reserving all rights that the plaintiffs have or may have against the co-defendants."
Attached to that motion is counsel's certificate that he served a copy of the motion upon Stanley E. Loeb (counsel for defendants, Lincoln Beach Corporation and Associated Indemnity Corporation) and John P. Dowling (counsel for plaintiff) by placing same in the United States mail on May 17, 1961.
On May 22, 1961, the trial Court signed the following judgment:

"JUDGMENT
"Considering pleadings, the evidence and the law to be in favor of the mover Indemnity Insurance Company of North America,
"IT IS ORDERED, ADJUDGED AND DECREED that the motion for summary judgment is hereby granted in favor of the Indemnity Insurance Company of North America, and the plaintiffs' suit is dismissed against Indemnity Insurance Company of North America, reserving to the plaintiffs any rights they have or may have against the co-defendants.
"THUS DONE AND SIGNED at New Orleans, Louisiana, on this the 22 day of May, 1961."
That judgment is not marked filed and there is nothing in the record to show that there were any affidavits, evidence or argument presented in support of or in opposition to the motion and apparently no hearing of any kind was held by the Court after the motion was filed.
Article 966 of the LSA-Code of Civil Procedure reads as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
This appeal presents, first, the very important question as to whether the motion for a summary judgment can be entertained in a jury case and passed on by the Court without a jury in the circumstances herein prevailing, and, if that question is resolved in the affirmative, second, was the motion and procedure herein, resulting in the summary judgment of May 22, 1961, legal?
Said Article 966 is now the law of this State. Though it is for the most part a verbatim copy of Federal Rule Civ.Proc. 56 (a)-(c), 28 U.S.C.A., it is an enactment of our Legislature, and for the purpose of this discussion we "take it from there."
We are not unmindful of the law and jurisprudence of this State prior to the enactment of Article 966 that when a civil case was ordered to be tried before a jury that case then became a jury case on what is referred to as a jury docket, and it was no longer a Court case. The Court could not transfer it to the Court's docket without consent of all parties. The Court was divested of power to try it, except, of course, after there had been two mistrials before the jury, then the Court took over. It is also well understood that the Court, even during the trial, could determine a question of law, such as the relevancy and *11 admissibility of evidence, and instruct the jury in regard to all matters of law in the case. On the trial of the merits before the jury in a tort case, if there is evidence, however slight, indicating negligence on the part of a defendant, the Court cannot pass upon the sufficiency of that evidence. That is a determination which the jury is called upon to make. But, if there is no evidence at all against such a defendant it then becomes a matter of law that such defendant is entitled to judgment. Examples of such a situation can be found in criminal cases. For instance, a person is found guilty of having committed a crime and he appeals. On the appeal the Supreme Court cannot review the facts or determine their sufficiency. The Supreme Court said in State v. Haddad, 221 La. 337, 59 So.2d 411, 417: "* * * And it is only where there is no evidence at all upon some essential element of the crime charged that a question of law arises, vesting this court with appellate jurisdiction." We cite that ruling because we cannot find any decision in a civil case on this point and this citation is only pertinent here on the proposition that if there is no evidence to support the petitioner's charge of negligence against this defendant, then it becomes a matter of law that the suit should be dismissed as to it. There being no authority for a directed verdict nor for a judgment by the Court non obstante veredicto in civil jury cases, the Court is given power in this Article 966 to make that determination of law in the absence of any issue of material fact between the parties.
In this connection we think the trial Court was correct in not entertaining the oral motion for summary judgment while the jury was actually engaged in its deliberations on the whole case. When the jury failed to render a verdict and the jury was discharged, the situation was the same as it was before the trial was commenced insofar as determination of questions of law by the Court was concerned.
We have not studied the evidence because there is no legal motion for summary judgment before us. Assuming that there was no evidence at all against said defendant adduced at the trial, and the situation then presented only a matter of law raised by the motion for summary judgment, it is conceivable that counsel for plaintiff may offer additional or newly discovered evidence at a new trial before the jury. The purpose of fixing the motion for a hearing is to give a party the time and opportunity to demonstrate to the Court that he can bolster his case, if and when the case is tried again to a jury. After trial of the motion as contemplated by the provisions of the article, if there is no semblance of a factual issue to be presented to the jury on a new trial, the Court can dispose of the case insofar as mover is concerned by giving judgment as a matter of law.
However, the Court cannot dispose of the case by an ex parte order as was done in this instance. This Rule 56 has prevailed in Federal litigation for many years and there are legion of Federal authorities which form almost an unbroken background for the procedure it outlines.
The party opposing a motion of this kind must be entirely frank and truthful with the Court and opposing counsel. He must know his case and the evidence he can produce. If there is no creditable showing on the trial of such a motion, either by the evidence already produced on the original trial in the case before the jury on the merits, or by affidavits outlining what can be expected on the new trial, the motion must be maintained as a matter of law. Counsel for plaintiff cannot defeat the motion on argument alone or on a showing of hope that something may perchance come out in plaintiff's favor at a new trial. If there is no issue of material fact there is nothing for the jury to try and determination of that situation is a matter of law to be resolved by the Court.
There are three interesting discussions on this new law written by Professor Leon D. Hubert, "Trial by Jury under the New Code of Civil Procedure," 35 T.L.R. *12 520, by Dr. Henry George McMahon, "The Louisiana Code of Civil Procedure," 21 L.L.R. 1, 34, and by Honorable Ben R. Miller of the Baton Rouge Bar, "Summary Judgment" 21 L.L.R. 209. These leaders in the legal profession in Louisiana are eminently qualified to discuss this important subject with authority. Their outstanding talents and knowledge are well known, and their contributions in the preparation of this Code are recognized. All these gentlemen in these articles point out that the purpose of enactment of these provisions with respect to jury trials is not to curtail or deprive a litigant of the right to a jury trial, but to enable the Court to expedite the disposition of jury cases when it is properly determined by the Court that no issue of material fact is present.
Therefore, we conclude that the first person presented by this appeal should be answered in the affirmative. That is, the motion for a summary judgment in a jury case can be entertained and determined by the Court without the jury under and in accordance with the provisions of Article 966 of the LSA-Code of Civil Procedure.
We answer the second question in the negative. That is, the procedure herein which resulted in the judgment of May 22, 1961, dismissing this suit as to Indemnity Insurance Company of North America, was not legal, mainly for the reason that the ten days delay after service provided for in said article did not commence to run earlier than May 17, 1961. It was manifest error for the trial Court to render an ex parte judgment on May 22, 1961, the fifth day after that motion was served when said article provides in explicit language that "The motion for summary judgment shall be served at least ten days before the time specified for the hearing." We further conclude that said Article 966 clearly intends that the procedure under it will be carried on contradictorily with adverse counsel, or party, and that a time shall be fixed by Court order for a hearing to be held at least ten days after service of the motion on opposing counsel, or party, which method would afford the adverse party a reasonable opportunity to appear and to present evidence and argument.
For these reasons the summary judgment rendered by the trial Court on May 22, 1961, is recalled, set aside and vacated, and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed. Appellee, Indemnity Insurance Company of North America, to pay costs of this appeal.
Reversed and remanded.