176 So.2d 209 (1965)
Enis J. CHERAMIE
v.
LOUISIANA POWER & LIGHT COMPANY et al., Humble Oil & Refining Company and Insurance Company of North America.
No. 1857.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1965.
Fellom & Mulvehill, Roger H. Fellom, New Orleans, for plaintiff-appellant.
Lemle & Kelleher, H. Martin Hunley, Jr., New Orleans, for defendants-appellees, Humble Oil & Refining Co. and Insurance Co. of North America.
Before REGAN, CHASEZ and HALL, JJ.
CHASEZ, Judge.
This is an action ex delicto instituted by plaintiff, Enis J. Cheramie, against Humble Oil & Refining Company, its insurer, Insurance Company of North America, and others whose names are not material herein. From a summary judgment dismissing plaintiff's demands against the above named defendants, plaintiff appeals.
Plaintiff's petition alleges that he was employed by H. B. "Buster" Hughes, Inc., as a construction worker in connection with the installation of a pipe line for Humble Oil & Refining Company. While guiding a steel cable from a dragline, the plaintiff sustained an electrical shock when the dragline, in some way, came into contact *210 with high tension wires owned or controlled by Louisiana Power & Light Company.
The case was set for trial before a jury on December 9, 1964. On November 30, 1964, a motion for summary judgment was filed on behalf of the above named defendants to which was attached a supporting affidavit. The basis for the motion was that plaintiff was employed by H. B. "Buster" Hughes, Inc., who was under contract with Humble Oil & Refining Company to perform operations which were part of the regular business of Humble, therefore under LSA-R.S. 23:1061 the sole cause of action against Humble and its insurer was an action for workmen's compensation. The motion bore an order requesting that it be set for trial on December 9, 1964, or at the conclusion of the trial on the merits set for that date. It was not set for trial on December 9, but the trial judge noted at the bottom of the motion: "Motion is referred to merits with reservation of all rights of all parties." The trial on the merits was held before a jury; on completion of the trial, but before the case was submitted to the jury, the trial court heard argument on defendants' motion for summary judgment. It then sustained the defendants' motion and dismissed the plaintiff's demands as against the defendants with written reasons for judgment. The case was then submitted to the jury quoad the other defendants; the jury returned a verdict against the plaintiff.
The trial court in its written reasons for judgment stated that the plaintiff did not file counter-affidavits or produce any evidence at the trial that would contradict the affidavits filed by defendants. The trial judge stated he could consider the evidence adduced at the trial and holding that there was no issue of fact for the jury to decide, dismissed plaintiff's demand against the defendants.
The plaintiff in this court argues that the trial judge erred in not deciding the motion before the trial of the case; erred in allowing the motion to be filed less than ten days from the trial on the merits; and erred in allowing testimony to be elicited and exhibits filed during the trial of a case to determine whether the defendants were entitled to a summary judgment.
The concept of summary judgment has just recently been introduced into our law. Its purpose is to provide a procedural device to determine, prior to the trial of a case, whether there is or is not a genuine issue of fact. See Boothe v. Fidelity & Casualty Company of New York, 161 So.2d 293 (La.App. 1964); Haspel v. Treece, 150 So.2d 120 (La.App. 1963); Walmsley v. Gilmore, La.App. 144 So.2d 625 (La.App. 1962). If at the hearing of the motion it is determined there is no material issue of fact, the court may enter judgment in the case by application of the appropriate law to the facts without necessity of a prolonged trial. It has been quite often stated that the device is to be used in a sparing manner and only in a proper case. If there exists any doubt as to whether there are material facts, a trial on the merits is to be preferred.
The applicable Articles of the Code of Civil Procedure provide:
"Art. 966. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact. *211 and that mover is entitled to judgment as a matter of law.
"Art. 967. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
"* * *"
Our courts in determining what type of evidence is to be considered to determine whether there is a material issue of fact have properly stayed within the content of the two above quoted Articles. In the case of Wilkinson v. Husser, 154 So.2d 490 (La. App. 1963), the trial court at the hearing on a motion for summary judgment allowed a witness to be sworn and subjected to direct oral and cross-examination. The First Circuit Court of Appeals held that this was error. We quote from its opinion:
"We will first consider the propriety of the trial court's action in conducting a trial of appellees' motion for summary judgment during the course of which a witness was sworn and subjected to both direct and cross examination.
"The applicable statute LSA-C.C.P. Article 966, reads in full as follows:
* * * * * *
"It will be readily observed the foregoing codal authority provides motion for summary judgment shall be based upon the pleadings, depositions and admissions on file, together with affidavits, if any. The affidavits referred to in Article 966 must comply with the requirements of Article 967 LSA-C.C.P.
"Concerning the scope of summary judgment as a procedural device we cite with approval the following statement of law found in 35B C.J.S. Verbo Federal Civil Procedure § 1136, page 528.
"`Summary judgment is a procedural device for promptly disposing of an action, in the interest of justice, where there is no genuine issue with respect to any material facts, thereby avoiding an extended and useless trial to develop facts which are not really disputed; and its purpose is to separate real and genuine issues from mere formal or presented issues.'
* * * * * *
"Our brothers in the third circuit, considering this new procedural device in Touchet v. Firemen's Insurance Co. of Newark, N. J., La.App., 146 So.2d 441, relying upon sources interpretative of the Federal Procedure, in our opinion, very appropriately remarked:
"`We have as yet developed very little jurisprudence in Louisiana on summary judgments because this procedural device did not become a part of our law until the effective date of the Code of Civil Procedure on January 1, 1961. However, there are many Federal cases dealing with summary judgments under Federal Rule 56, Vol. 3, Barron & Holtzoff, Federal Practice and Procedure, Sections 1231-1247, discusses the history and development of summary judgment under Federal Rule 56. This excellent text states that the primary purpose of the summary judgment is to secure the prompt *212 disposition of cases on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. This text also states that the only question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. The hearing on the motion is not a trial. If it appears that there is a genuine issue to be tried, the motion should be denied and the case allowed to proceed to trial in the usual way.' (Emphasis supplied by the court.)
"In Kay v. Carter, [243 La. 1095, 150 So.2d 27] supra, our Supreme Court observed (in line with what we perceive to be established Federal jurisprudence), that the purpose of permitting a trial court's examination of material extraneous to the pleadings in disposing of a motion for summary judgment is not that of trying or resolving a factual issue but simply to determine whether there is a genuine issue of material fact to be tried. We believe the provisions of Article 966 LSA-C.C.P. clearly indicative of the principle a motion for summary judgment is not intended to be in the nature of a trial of a factual issue and in keeping therewith we believe our learned brother below erred in treating appellees' motion as an opportunity to resolve and decide factual issues rather than a procedural device to determine whether or not a genuine issue of fact existed as evidenced by the pleadings, affidavits, depositions and admissions on file. We further believe our esteemed brother below erred in predicating his ruling on appellees' motion solely on the testimony of movant taken upon hearing of the motion for summary judgment in the same manner as though trial of the motion were trial of an issue of fact. We reiterate that Article 966 LSA-C.C.P. contains no authority for the examination of a litigant by direct and cross examination upon the trial of such motion. By the express terms of the Article, trial of such motions must be on the pleadings, affidavits, depositions and admissions on file. * * *
"Granting only one witness testified on the trial of appellees' motion and conceding further said witness's appearance was apparently with the consent of counsel for all parties concerned, nevertheless, to sanction such procedure can have no practical effect save the fostering and encouragement of piecemeal trials and appeals. * * *"
Further, in the case of Boothe v. Fidelity Casualty Company of New York, 161 So.2d 293 (La.App. 1964), the court was faced with the issue of whether the party opposing a motion for summary judgment has the right to cross-examine affiants and introduce oral testimony. The court held that oral testimony was not admissible at a hearing on a motion for summary judgment.
We are herein presented with a case where the motion for summary judgment was referred to the trial on the merits; after the trial court heard the evidence and before submission to the jury, the motion for summary judgment was upheld. It is settled that a motion for summary judgment will lie in a jury case. Villavasso v. Lincoln Beach Corporation, 146 So.2d 7 (La.App. 1962). This is, however, not the objection here. We think that it is objectionable to uphold the judgment in this case for two reasons.
As stated, the motion is a procedural device that is to avoid trial when there is no material issue of fact. The whole concept and purpose of summary judgment is defeated when the motion is referred to the merits of a case. This is exactly what the motion is designed to avoid. If the motion is to be utilized it must be heard and decided before the trial on the merits. This, of course, is not to say that it may not be used after a mistrial. *213 See Villavasso v. Lincoln Beach Corporation, supra. But it should not be entertained during the trial on the merits.
The next objection we have is the consideration of oral testimony by the trial judge. The cases clearly state that oral testimony is not to be taken at the hearing on the motion. Likewise oral testimony from the trial on the merits should not be considered. The summary judgment device is designed to do away with the necessity for oral testimony in a proper case. The defendants urge the case of Villavasso v. Lincoln Beach Corporation, supra, as being authority for considering oral testimony at the trial. We do not take the case to stand for that proposition. The main issue there was whether a motion for summary judgment could be entertained in a case put on the jury docket. It was held that it could be used. Likewise in this case the motion could be used before the trial on the merits or after a mistrial; but it cannot be passed upon during the trial of the case. If we were to allow the procedure followed in this case, we would in effect allow the motion for summary judgment to be used as a directed verdict, which was not included in our Code of Procedure.
The defendants contend that the judgment should be affirmed because the affidavit filed with the motion was sufficient to uphold the judgment. They argue that the trial court based its judgment in the alternative on the affidavit. This may be true but to sanction the procedure used in this case merely because the trial judge in his reasons did not base his judgment on the oral testimony taken at the trial, would be allowing the procedure used herein only if the proper reasons were given. We are of the opinion that the judgment must be reversed regardless of the fact that the judgment may possibly stand on the affidavit because of the procedure followed. As we stated before, to allow this procedure would be in effect to allow a motion for a directed verdict which is not in our law. If the concept of a motion for a directed verdict is needed in our law, this is a problem which addresses itself to the Legislature.
Therefore, the judgment of the court a qua is reversed and set aside and the case is remanded for further proceedings in accordance with law and this opinion. All costs of this appeal shall be borne by defendants.
Reversed and remanded.