196 So.2d 50 (1967)
Chester FRANK et al., Plaintiffs and Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant and Appellee.
No. 1935.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Rehearing Denied March 21, 1967.
Writ Refused May 19, 1967.
*51 Guillory, Guillory & Guillory, by Robert K. Guillory, Eunice, for plaintiffs-appellants.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Lucille Frank, was a domestic servant in the home of Mr. and Mrs. James Soileau. She was hanging out freshly washed clothes to dry, in the back yard of the home, when she fell over a toy fire truck, which had been left there by one of the two Soileau children, who are two and one-half years of age and one and one-half years of age, respectively. The defendant, Great American Insurance Company, carried a "Homeowners Policy" on the home, agreeing to pay all claims for personal liability arising out of the use of the premises. Plaintiffs, Lucille Frank and her husband, sued defendant for damages for personal injuries resulting from the accident. The case was tried on the merits before a jury. But, on completion of the trial, defendant moved for a summary judgment, which the trial court granted dismissing plaintiffs' suit. Plaintiffs appealed.
The first issue is procedural, i.e., whether the trial judge erred in granting a motion for summary judgment after the trial was completed. This issue was squarely presented in the recent case of Cheramie *52 v. Louisiana Power & Light Company, La. App., 176 So.2d 209 (4th Cir. 1965). With reference to LSA-C.C.P. Article 966, which provides the time and procedure for filing motions for summary judgment, the court held:
"As stated, the motion is a procedural device that is to avoid trial when there is no material issue of fact. The whole concept and purpose of summary judgment is defeated when the motion is referred to the merits of a case. This is exactly what the motion is designed to avoid. If the motion is to be utilized it must be heard and decided before the trial on the merits."
In the case of Touchet v. Firemen's Insurance Company of Newark, N. J., La.App., 146 So.2d 441 (3rd Cir. 1962, certiorari denied) the precise question presented here was not at issue, but, in discussing the motion for summary judgment generally, we stated:
"Vol. 3, Barron & Holtzoff, Federal Practice and Procedure, Sections 1231-1247, discusses the history and development of summary judgment under Federal Rule 56. This excellent text states that the primary purpose of the summary judgment is to secure the prompt disposition of cases on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. This text also states that the only question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. The hearing on the motion is not a trial. If it appears that there is a genuine issue to be tried, the motion should be denied and the case allowed to proceed to trial in the usual way."
A reading of 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1233, (Rules Edition) indicates clearly that the motion for summary judgment should be filed and disposed of before trial.
Furthermore, LSA-C.C.P. Article 966 contains the provision that "the motion for summary judgment shall be served at least ten days before the time specified for the hearing." This indicates clearly that the motion cannot be used in the manner that it was used here. Despite plaintiffs' objection, the motion was decided the same day it was filed.
The plaintiff contends that, in the event we find the trial judge erred in granting a summary judgment at the conclusion of the trial, the record on appeal supports a judgment for plaintiffs. Alternatively, that we should remand the case for a new trial in order to allow a jury to determine the factual and legal issues.
LSA-C.C.P. Article 2164 provides as follows:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
We can render a just, legal and proper judgment on the merits upon the record before us. Since plaintiff appealed from the dismissal of her suit after all the evidence was produced, we are authorized to render judgment on the merits in her favor. On the other hand, if we find that the plaintiff's suit should be dismissed, we are authorized to affirm the trial court's judgment of dismissal even though the defendant appellee did not answer the appeal, since "An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part * * *." LSA-C.C.P. Art. 2133.
Furthermore, plaintiff does not contend she has any new evidence which she wishes to present at a new trial. The facts of this case are actually not in dispute and are so clear that no useful purpose could be *53 served by remanding the case for another trial.
On the merits, the question is whether the Soileau children, who were respectively two and one-half years of age and one and one-half years of age, were guilty of any negligence for which their father and the defendant insurer are responsible. The answer to this question has been established by our jurisprudence. Children of this age are too young to be legally capable of negligence and hence there is no negligence which is attributable to their parents or to the insurer. Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934) was against a parent; Boutte v. American Motorists Ins. Co., La.App., 176 So.2d 833 (3rd Cir.1965) involved a defendant insurer. Plaintiffs' argument in this regard is simply that the holdings in these cases are in error. Our answer is that we are bound by Johnson v. Butterworth and its progeny.
The most serious issue in this case is as regards penalties and attorney's fees for defendant's failure to pay $500 of plaintiff's medical expense, which was undoubtedly due under the "medical payments" provisions of the policy, regardless of any negligence.
The facts show that the accident occurred on June 30, 1965. The plaintiff, Lucille Frank, received serious and disabling injuries to her right arm and incurred hospital and doctor's expenses of well over $500. Although there is some conflict in the testimony, we think the facts are that on about July 12, 1965 defendant's adjuster, Mr. Joe Anding, contacted Lucille Frank at her home and obtained a statement about the accident, including information about the medical expense, but plaintiff refused to sign this statement.
Mr. Anding returned to plaintiffs' home a few weeks later with a "Proof of Loss Medical Expense" form which he had filled in showing medical expense of over $500 and asked Lucille Frank to sign it in order that the defendant insurer could mail her a check for $500. Plaintiff still refused to sign.
These facts are strongly corroborated by copies of letters written by the adjuster to the defendant insurer on August 19, 1965 and again on September 22, 1965. In these letters the adjuster stated that, although he thought there was no liability for negligence, the company was liable for $500 medical expense and that this amount was offered to plaintiff if she would sign a claim; but she refused to sign and demanded a settlement in excess of $500.
The facts also show that after this suit was filed on February 8, 1966 defendant's attorney corresponded with plaintiffs' attorney offering to pay the $500 medical expense if written statements were submitted to substantiate the same but plaintiffs' attorney steadfastly insisted that defendant already had copies of these bills and that the defendant ought to pay more than $500 on this claim.
During the argument of this case on appeal before this court, both counsel stated that the $500 medical expense was paid after judgment was signed in the lower court and that actually the only question now is as regards penalties and attorney's fees.
Under all of the circumstances we think it is clear that there was never any arbitrary refusal on the part of the defendant to pay these medical expenses. As applicable here the policy provides:
"MEDICAL REPORTS; PROOF AND PAYMENT OF CLAIMCOVERAGE F: As soon as practicable, the injured person or someone on his behalf shall give to this Company written proof of claim, under oath if required, and shall, after each request from this Company, execute authorization to enable this Company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by this Company when and as often as this Company may reasonably require."
*54 As stated above, although the written Proof of Claim was requested and the form was actually completed by the adjuster and presented to Lucille Frank, she refused to sign; and no such Proof of Claim was ever submitted in accordance with the policy provisions. There is nothing arbitrary about defendant's actions. They never arbitrarily refused to pay this claim. They simply asked that proof of the claim be submitted in accordance with the policy provisions and plaintiffs refused to do so.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it sustains defendant's motion for summary judgment. Nevertheless, judgment is now rendered on the merits, in favor of defendant, dismissing plaintiffs' suit at their costs. All costs of this appeal are assessed against the plaintiffs appellants.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.