LANDRY, Judge.
Defendants Dow Chemical Company (Dow), and its employee, Guy Sledge, two of several defendants herein, successfully moved the summary dismissal of this action against them by plaintiff Jack Penton for damages for alleged tortious injury. Plaintiff has appealed the summary judgment rejecting his demands against the named defendants. We find the ruling of the trial court correct and affirm same.
Plaintiff, an employee of defendant W. H. C. Contractors, Inc. (WHC), of Lafayette, Louisiana, was injured November 26, 1963, while engaged within the scope of his employment by WHC as a pipefitter on a job being performed by WHC for Dow at the latter’s plant near Plaquemine, Iberville Parish. In his petition plaintiff seeks damages for personal injuries sustained when, on the stated occasion, he was struck by a section of pipe plaintiff was assisting in laying in a trench at the job site.
Initially, plaintiff named as defendant Trinity Insurance Company, the alleged liability insurer of WHC, against whom plaintiff prayed for judgment in the sum of $200,000.00, based on the alleged negligence of WHC’s “supervisors, directors, agents, stockholders and safety instructor.” Pursuant to several amended petitions and the disclosure of certain pertinent information by defendants through interrogatories, plaintiff substituted Travelers Indemnity Company as WHC’s insurer and also im-pleaded as defendants WHC, Dow, Sledge, and WHC’s supervisors, Lester Richard and Bradford Smith, together with American Insurance Company as alleged insurer of WHC’s supervisory personnel.
Motions for summary judgment by several defendants resulted in dismissal of plaintiff’s complaint against numerous named defendants, including Dow and Sledge. Plaintiff concedes the propriety of the dismissals as to the other defendants and herein complains only of the rejection of his demands against Dow and Sledge. While we are not favored with written reasons for the decision of the trial judge granting the motions for summary judgment filed by Dow and Sledge, it is apparent said determination was predicated on the finding that defendant’s affidavits and answers to interrogatories negatived any and all dispute regarding Dow’s and Sledge’s alleged connection with the incident in question.
Of the four supplemental and amending petitions filed by appellant, Dow’s alleged liability is alluded to only in the paragraphs hereinafter mentioned. In his third supplemental petition plaintiff avers in paragraph 7-A thereof as follows:
“Your petitioner further shows that he was working for W. H. C., Inc., on the premises of the Dow Chemical Company, Inc., in Iberville Parish at the time of this accident sued on herein and that the supervisor in charge of the pipe laying operation which resulted in your petitioner’s injuries, and whose name is unknown to your petitioner at this time, was an employee, agent, director or supervisor of the Dow Chemical Company, Inc. * * * ”
*197 Paragraph 7-H of appellant’s fourth supplemental and amending petition indirectly connects Dow with the act causing plaintiff’s injury pursuant to the following allegation which erroneously states Sledge to be the employee of WHC. Said paragraph 7-H reads as follows:
“Your petitioner shows that the supervisor in charge of the pipe line operation which resulted in your petitioner’s injuries was named Bradford Smith and/or Guy Sledge, and was working in the course and scope of his employment for WHC, Inc. at the time of the accident sued on herein.”
The unmistakable import of the above quoted paragraphs of plaintiff’s petition, taken in conjunction with others whose contents it is unnecessary to relate, is that the person supervising the pipe laying operation in question was guilty of negligence which coincided with the negligence of the operator of the machine laying the pipe. It is further maintained that the supervisor involved was either Bradford Smith or Guy Sledge.
In support of their motions for summary judgment, Dow and Sledge offered affidavits in refutation of the allegation that either Smith or Sledge was the supervisor of the pipe laying operation. Two sworn statements of record by Wayne D. Smith and George L. Crain, Treasurer and Vice-President, respectively, of WHC, relate, among other pertinent information, that the person in charge of the WHC project in question was Bradford Smith, the sole employee of defendant WHC. Plaintiff failed to produce an affidavit contradicting those offered by Dow and Sledge which unequivocally aver the operation was in charge of Smith who had no connection with Dow.
It is settled law that the sole purpose of a motion for summary judgment is to determine, prior to trial, whether a genuine issue of fact exists between the litigants. Cheramie v. Louisiana Power & Light Co., La.App., 176 So.2d 209; Boothe v. Fidelity & Cas. Co. of New York, La.App., 161 So.2d 293.
In Johnson v. Combined Ins. Co. of America, La.App., 158 So.2d 63 (1964), this court held that where a plaintiff fails to file affidavits countering those of defendant showing certain material facts in support of a motion for summary judgment, plaintiff was precluded from raising the issue that there was a dispute of material fact on trial of defendant’s motion. The rule of the Johnson case, supra, was evidently codified by the legislature which by Act 36 adopted at the Regular Session of 1966, amended LSA-C.C.P. Article 967, by adding thereto the following pertinent paragraph:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided above, must set forth specific facts showing that there is' a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
As did the trial judge, we consider the case at hand “appropriate” for invocation of the above cited provision of our Code of Civil Procedure.
In oral argument before this court, appellant contends his pleadings put at issue Sledge’s negligence as an individual and alternatively as a stockholder or employee of Dow and the affidavits offered by defendants do not refute these averments. We find no merit in this argument. The previously cited provisions of plaintiff’s petition constitute the only instance wherein Sledge is expressly charged by name with negligence and therein he is charged alternatively with Smith as being supervisor in charge of the job as an employee of WHC.
The affidavits attached to defendants’ motions for summary judgment unequivocally allege Smith was in charge of *198 the job as employee of WHC. Granted the affidavits do not expressly negative the proposition that Sledge was negligent either individually or as an employee or stockholder of Dow, such circumstance is a matter of no moment inasmuch as no such allegation or contention is made in any of the numerous petitions filed herein. Paragraph 7-A of appellant’s third supplemental petition hereinabove cited, and also Paragraph 7-B thereof, allege negligence on the part of an asserted supervisor of Dow in charge of the pipe laying operation in failing to-furnish experienced personnel to operate the pipe laying machinery; failure to properly inspect said machinery and failure to furnish adequate personnel to properly accomplish the work. This allegation charges expressly that the supervisor in charge, and therefore the one responsible for the men and machinery, was an employee of Dow. Notwithstanding the assertions of paragraph 7 — A of the third supplemental petition, paragraph 7-H was added by a fourth amending petition, said paragraph 7-H reading as follows:
“7-H
Your petitioner shows that the supervisor in charge of the pipe line operation which resulted in your petitioner’s injuries was named Bradford Smith and/or Guy Sledge, and was working in the course and scope of his employment for WHC, Inc., at the time of the accident sued on herein.”
Paragraph 7-1 of plaintiff’s fourth amending petition then proceeds to charge Smith and/or Sledge with the same acts of negligence attributed to Dow’s unnamed employee said to have been in charge of the pipe laying project in paragraphs 7-A and 7-B of plaintiff’s third amending petition.
It appears therefore plaintiff has pitched his case on the alleged negligence of the party in charge of the pipe laying operation who, in effect is said to have been in the employ of either Dow or WHC. The affidavits of record clearly and expressly show the party in charge to have been Smith, an employee of WHC. By unmistakable negative implication the affidavits constitute a denial of the allegation that the party in charge of the pipe laying operation was Sledge. It clearly showed the party appellant sought to hold was Smith, not Sledge. This allegation of fact has never been refuted or denied by appellant. Insofar as the motion for summary judgment is concerned, Smith alone stands charged as- the person responsible for plaintiff’s injuries.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.