263 So.2d 360 (1972)
Douglas MILLER
v.
EAST ASCENSION TELEPHONE CO., Inc., et al.
No. 8875.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
Rehearing Denied June 26, 1972.
Writ Refused September 20, 1972.
*361 John Rixie Mouton and Ronald E. Dauterive, of J. Minos Simon, Lafayette, for appellant.
Charles Ory Dupont, Plaquemine, and J. Robert Fitzgerald, New Orleans, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
TUCKER, Judge.
In this suit plaintiff, Douglas Miller, seeks to recover from the defendants, East Ascension Telephone Company, Inc. and South Central Bell Telephone Company, damages which he allegedly sustained due to the negligence of the defendants which caused the plaintiff to be unable to complete a long distance call from Jennings, La. to a financier in Gonzales, La. who was averred to be agreeable to furnishing *362 plaintiff the necessary funds to complete a transaction for the construction of a shopping center. When the call failed to go through on June 7, 1970, plaintiff contends he could not consummate his transaction.
The defendant South Central Bell filed a motion for a summary judgment, seeking its dismissal as a party defendant in the suit. Defendant coupled with the said motion affidavits of an electrical engineer and an independent relations manager, both employees of South Central Bell. The tenor of the engineer's affidavit was to the effect that when a telephone caller in Jennings, La. dialed a number in Gonzales, La., which is serviced by the defendant, East Ascension and such caller heard a ringing sound, that the call was carried to and connected with the "final connector switch" at East Ascension. The other affidavit attested to the fact that the defendants are separate corporations, and though there is an interconnection agreement between the two companies, setting forth a joint provision of toll and other special services, South Central Bell had no control over East Ascension in assigning local numbers and exercised no supervision over the operation of the other company. Therefore, South Central claimed there was no genuine issue of a material fact between it and the plaintiff, and that the suit should be dismissed against it.
The trial court maintained the motion and signed a judgment summarily dismissing South Central Bell as a defendant in the suit. From this judgment plaintiff has perfected this appeal.
The sole issue before this court is the determination of the question as to whether or not the motion for a summary judgment was appropriately and providently granted.
Plaintiff recites several bases for his contention that the trial court was manifestly erroneous in granting the motion. Initially he argues that the affidavits attached to the motion were ineffectual in that the affidavits do not explain why and how the telephone calls made by plaintiff were not completed. Plaintiff further urges that his affidavit to the substantial effect that he was not in possession of sufficient facts to countermand the facts set forth in the affidavits attached to the motion as such facts were within the peculiar knowledge of South Central Bell puts him in compliance with the provisions of LSA-C.C.P. Art. 967. Thirdly, plaintiff maintains that the motion was premature since East Ascension had not answered the suit, and plaintiff has no way of knowing what will be claimed by the other corporation as to the cause for the failure of the calls to be completed. In this connection it was noted that a defense or defenses offered by East Ascension might be adversely affected due to the res judicata status of the summary judgment. Lastly, plaintiff advances the proposition that sustaining such a motion would pave the way for one company to avoid liability by the simple expedience of creating two corporations, with one corporation having charge of one facet or more of the system and the other having charge of the other facets of the system.
For the purpose of this decision we quote in part the applicable provisions of C.C.P. Art. 967 as follows:

* * * * * *
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained *363 or depositions to be taken or discovery to be had or may make such other order as is just."

* * * * * *
As indicated in the case of Penton v. Travelers Insurance Co., 220 So.2d 195 (La.App. 1st Cir. 1969) the sole purpose of a motion for a summary judgment is to determine in advance of trial whether a genuine issue of fact exists between the litigants. See also Cheramie v. Louisiana Power & Light Co., 176 So.2d 209 (La. App. 4th Cir. 1965) and Boothe v. Fidelity & Casualty Co. of New York, 161 So.2d 293 (La.App. 2d Cir. 1964).
With regard to the requirements imposed upon a litigant to successfully oppose a motion for a summary judgment, the jurisprudence clearly delineates that the opponent cannot rely upon the allegations or denials of his petition, but must file countervailing affidavits or give "stated reasons" why he cannot present facts by affidavit in support of his opposition to the motion for a summary judgment. See White v. Charity Hospital of Louisiana in New Orleans, 239 So.2d 385 (La.App. 4th Cir. 1970). The mere denial of the knowledge of facts needed to countermand a motion for a summary judgment does not constitute a sufficient response to such a motion, and in the absence of affidavits with specific allegations of fact reflecting that a genuine issue exists, the opposition is ineffectual, and the motion for a summary judgment will be granted. See Bally Case & Cooler, Inc. v. I. A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4th Cir. 1971), Duplessis v. Hullinghorst, 255 So.2d 236 (La.App. 1st Cir. 1971) and Hooper v. Wilkinson, 225 So.2d 66 (La.App. 3d Cir. 1969).
Applying the precepts of law set forth in the cited cases to the instant litigation, the initial position of plaintiff that the affidavits attached to the motion on which South Central Bell relies are ineffectual as they do not explain how and why the calls were not completed is without substance. Contrary to plaintiff's argument in brief that South Central Bell is charging in its motion that fault lies with the other corporate defendant, mover simply claims that it was without fault. South Central Bell does not attempt to fix blame in its motion, and merely attempts to exclude itself from culpability. Under the law in order to defeat the motion the affidavits attached thereto must be met with countervailing affidavits or depositions, showing that a genuine issue of material fact exists between the parties. Mere statements by affidavit, unaccompanied by "stated facts", that opposing proof is unavailable, do not suffice to defeat a motion for a summary judgment. Likewise, no cases are cited nor does our research disclose any jurisprudence which requires that a mover for a summary judgment must account for the manner in which a loss was occasioned to a plaintiff in order for mover to be successful in supporting such a motion.
We are unable to accept the proposition advanced by plaintiff that, since his affidavit affirmatively states that the facts recited in the affidavits in support of South Central Bell's motion are within the peculiar knowledge of mover, he has placed himself in compliance with the provisions of C.C.P. Art. 967. The mere claim by an opponent to a motion for a summary judgment that he does not have in his possession the facts and information necessary to counter such a motion will not defeat a summary judgment motion.
We now consider the third position advanced by plaintiff wherein it is claimed that the motion was maintained prematurely inasmuch as the other defendant had not filed an answer, and there was no way of knowing what defense or defenses would be advanced by East Ascension. A similar contention was raised by an opponent in the case of Coastal Contractors, Inc. v. Tri-City Construction Co., 238 So.2d 36 (La.App. 1st Cir. 1970). In effect we held *364 in the cited case, where a motion for a summary judgment was filed against the prime contractor and its bonding company and these parties had previously brought a third party demand against the State of Louisiana, that a disposition of the third party demand was not necessary prior to granting relief on the motion for a summary judgment. It was pointed out in the cited decision that the appeal involved only the plaintiff and the appellant, and that the third party demand had not been adjudicated and was not before the court. See also Farrell v. Farnsworth & Chambers Co., 143 So.2d 100 (La.App. 4th Cir. 1962) holding to the same effect. Therefore, this position of plaintiff is without merit.
Moreover, we are unable to discern any merit to plaintiff's argument that an affirmation of the trial court's judgment here will lead to a situation that a defendant will be permitted to avoid liability by the simple expedient of creating two corporations. This record amply supports the proposition that there are two separate and distinct corporations named as defendants in this case and that neither corporation has any control or supervision over the other.
Appellant argues in brief that South Central Bell bears the same liability for the negligence and wrongdoing of East Ascension as would an employer be responsible for the negligent performance of his work by an employee. The general statement of law on this score is recited in 52 Am.Jur. Sec. 114 which we quote as follows:
"In determining the duties and liabilities of connecting lines of telegraph companies, the courts are governed to a great extent by the principles applicable in the case of successive carriers of goods. Where a telegraph company receives a message to be transmitted to a point beyond its own line and on a connecting line, it impliedly promises care and attention in transmitting it over its own line, and prompt delivery to a competent and responsible company for further transmission. When so delivered, its liability terminates, and that of the receiving company begins."
It is clear that liability of South Central Bell, the originating telephonic system, is limited to and contingent upon its independent negligence or fault in transmitting the call, and any negligence or wrongdoing on the part of the connecting telephonic system or its employees is not attributable to or visited upon South Central Bell.
As a matter of fact plaintiff's petition lists specific acts of negligence, which, if proved, along with his other allegations would constitute acts with which East Ascension is charged, and could not be laid at the doorstep of South Central Bell. The said averments set forth that the designated number in Gonzales which the plaintiff had called repeatedly on June 7 and 8, 1970 "had been changed to another number unknown," and that an intercept device had not been installed so that a caller could be apprised of the new and correct number.
The record supports the finding of the lower court that the affidavits submitted by the defendant, South Central Bell, in support of its motion for a summary judgment were adequate in form and substance, and that the plaintiff, Douglas Miller, had failed to properly and legally counter the said affidavits.
The judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.