SAVOIE, Judge.
This case concerns the propriety of the trial court’s granting of a motion for judgment on the pleadings on a third-party demand. Fireman’s Fund Insurance Company (Fireman’s Fund) moved for and was granted a judgment on the pleadings against Granite State Insurance Company (Granite State); from this judgment, Granite State appeals.
FACTS
On December 18, 1984, the plaintiff, Howard Mark Seay (Seay), was returning home from his job offshore in a vehicle owned by his employer, Services Equipment and Engineering, Inc. (SEE), and driven by his supervisor, James R. “Ricky” Wilson (Wilson). At approximately 11:30 p.m. in a heavy fog on Interstate 10 on the bridge over Whiskey Bay near Henderson, the SEE vehicle struck the rear of a vehicle driven by Robert Newman (Newman). After the collision, Wilson, Seay, and Richard Johnson and Paul Hughes, the two other occupants and SEE employees in the SEE vehicle, left the automobile. They stood on a ledge on the other side of the bridge’s railing to avoid being hit by vehicles involved in several chain reaction collisions following the initial accident. When the other collisions stopped Wilson and Seay returned to the SEE vehicle to remove things from the trunk. As they opened the trunk, there was an explosion and fire which burned both men.
Seay filed suit seeking to recover damages for the serious injuries he sustained in the accident.[1] Named as defendants were Wilson; SEE; Fireman’s Fund, SEE’s primary insurer; Granite State, SEE’s excess insurer; and Newman. The coverage limits of Fireman’s Fund were $500,000 in liability insurance and $500,000 in uninsured motorist insurance; Granite State’s coverage was up to $5,500,000. Seay alleged that the negligence of Wilson and Newman caused the accident.
Wilson, SEE, and Fireman’s Fund answered Seay’s petition denying that Wilson was negligent and alleging that Seay was in the course and scope of his employment at the time of the accident, barring him from recovery under SEE’s liability coverage for Wilson’s alleged negligence. These defendants also alleged that Seay was comparatively negligent and/or had assumed the risk. Newman answered and admitted that he had no insurance and denied any negligence.
Granite State answered Seay’s petition by generally denying all Seay’s allegations; Granite State then raised the following affirmative defenses, all in the alternative: that Seay was comparatively negligent and/or that he assumed the risk; that Seay *497 was in the course and scope of his employment at the time of the accident; and that Newman was solely at fault.
Granite State filed a cross-claim against Newman, seeking to recover from him any damages that Seay sustained. Granite State filed a third-party demand against Fireman’s Fund alleging that it was entitled to reimbursement under Fireman’s Fund uninsured motorist coverage for all damages sustained by Seay due to Newman’s negligence. Granite State also alleged that “Fireman’s Fund should pay its share of the damages up to the full limits of its policy, if the damages are proven to be at that amount by plaintiffs.”
The case went to trial before a jury from June 23-26, 1986.[2] Following Seay’s presentation of his case, Wilson, SEE, Fireman’s Fund, and Granite State reached a settlement with Seay. Granite State was to pay Seay $1,500,000. Of the settlement, Fireman’s Fund was to contribute $300,000 from SEE’s uninsured motorist’s coverage.[3] Fireman’s Fund agreed to reserve to Granite State all rights and/or remedies Granite State had against Fireman’s Fund up to the limits of the $500,000 bodily injury limit in the policy, under its liability insurance. Following the announcement that a settlement had been reached, and the reading of the judgment memorializing the settlement into the record, Fireman’s Fund moved for a judgment on the pleadings against Granite State on its third-party demand. The trial court heard argument from both counsel on the judgment on the pleadings; Granite State moved to amend its pleadings to conform to the evidence introduced at trial. The court then recessed overnight to consider the judgment on the pleadings; upon resumption of trial the following day, the court heard further argument before granting the judgment on the pleadings.[4]
Granite appeals, urging that the trial court erred in granting the judgment on the pleadings.
LSA-C.C.P. art. 965, which controls a judgment on the pleadings, reads as follows:
Any party may move for judgment on the pleadings .after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.
We find that the trial court erred procedurally in granting the judgment on the pleadings because it was not timely filed. The language of LSA-C.C.P. art. 965 shows a clear intent that the judgment on the pleadings be raised prior to trial. Furthermore, LSA-C.C.P. art. 965 is based on Fed.R.Civ.P. 12(c); according to Rule 12(c), a judgment on the pleadings must be filed prior to trial. Fed.R.Civ.P. 12(c); Kishwaukee Community Health v. Hospital Building, 638 F.Supp. 1492, 1495-6 (N.D.Ill.1986); Wright & Miller at § 1367-1369, p. 686-700. We find that the judgment on *498 the pleadings is analogous to a motion for summary judgment which is a pretrial device. The purpose of summary judgment is to avoid a trial where there are no factual issues in dispute and where the mover is entitled to judgment as a matter of law. See Frank v. Great American Insurance Co., 196 So.2d 50 (La.App. 3d Cir.), writ refused, 250 La. 739, 199 So.2d 180 (La.1967). According to our jurisprudence, a motion for summary judgment must be filed prior to trial on the merits. Cheramie v. Louisiana Power & Light Co., 176 So.2d 209, 212 (La.App. 4th Cir.1965); Frank, 196 So.2d at 52. The similarity between a summary judgment and a judgment on the pleadings was recognized in Canal Motors, Inc. v. Campbell, 241 So.2d 5, 5-6 (La.App. 4th Cir.1970).
A motion for judgment on the pleadings differs from a motion for summary judgment in that on the latter there may be submitted supporting affidavits and counter affidavits and depositions. LSA-C.C.P. art. 966. A motion for judgment on the pleadings is submitted on the pleadings which may include attached exhibits made a part of the pleadings. In either case the judgment may be granted as a matter of legal right if there does not appeal to be a genuine issue of material fact. Our jurisprudential guidelines favor giving a party his day in court, hence summary judgments and judgments on the pleadings are granted only when the legal right is clearly established. (Citations omitted).
According to Tate, The Work of the Louisiana Appellate Courts for the 1966-1967 Term: Civil Procedure, 28 La.L.Rev. 386, 411 (1968) “[sjimilar to the summary judgment remedy, the motion for judgment on the pleadings provides a method to dispose of litigation without a full-scale trial; [sic] in this instance when there is no dispute as to the material allegations of fact.” (Footnote omitted).
Filing a judgment on the pleadings in the midst of a trial can produce an inconsistency. At trial, when evidence of facts not within the scope of the pleadings is introduced without objections, the pleadings are considered amended to conform to the evidence. LSA-C.C.P. art. 1154.[5] Application of LSA-C.C.P. art. 965, which bars consideration of any evidence and confines the court to consideration of the pleadings, could easily lead to a conclusion different from that reached where the court examines evidence introduced at trial dealing with all issues raised as is allowed under LSA-C.C.P. art. 1154.
For these reasons, the judgment of the trial court granting the judgment on the pleadings is reversed. We remand this case for further proceedings consistent with this opinion. Costs to be assessed against appellee.
REVERSED AND REMANDED.

. An additional plaintiff is Seay's wife, Audrey, seeking to recover for loss of consortium. The suits of the other guest passengers, Johnson and Hughes, against the same defendants were consolidated with the Seays’ lawsuit on May 14, 1986.

. The case first went to trial before a jury on March 24, 1986 and March 31-April 2, 1986. The trial was not completed partly because an issue arose as to whether the judge or jury should determine whether the plaintiffs were in the course and scope of their employment. Writs were taken from the judge’s decision that it should be his determination; this court granted the writ, finding that the issue should be decided by the jury. The trial court recessed the trial so that the plaintiffs could apply for writs with the supreme court. The supreme court denied writs on April 22, 1986. Trial of the matter began anew on June 23, 1986 with selection of a new jury.

. Prior to the settlement with the Seays, Fireman's Fund settled the claims of Johnson and Hughes for a total of $200,000 from the uninsured motorist coverage of Fireman’s Fund; Hughes and Johnson, in return for the settlement, released SEE, Wilson, Fireman’s Fund, and Granite State.

.The remaining demand to be tried was the cross-claim of Granite State against Newman. Minute entries show that following the granting of the judgment on the pleadings, the jury was recessed. Trial resumed before the same jury on the cross-claim on May 4, 1987. On May 5, 1987, the jury returned with a verdict finding that Seay, Johnson, and Hughes were in the course and scope of their employment at the time of the accident; that Wilson was 50% at fault; and that Newman was also 50% at fault.

. LSA-C.C.P. art. 1154 reads as follows:
Art. 1154. Amendment to conform to evidence
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the-issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.