<hr />

## LEE *v.* BENNETT et al.

Facts which appear in the record only from a statement in the opinion of the inferior judge that they were proved, are not in evidence. The evidence itself must be produced.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas, Snyder, and Downs*, for the plaintiff. *Bemiss*, for the appellants. The judgment of the court was pronounced by

KING, J. The plaintiff instituted before the district court of the parish of Madison two suits against the defendants on the same day, in each of which a different measure of relief was claimed, although both grew out of substantially the same acts of the parties. The causes appear to have been separately tried in the lower court, and different testimony to have been offered in each. They were taken under advisement by the district judge, who, by the consent of parties, was permitted to take them to the parish of Carroll, for decision. No order was made for the consolidation of the suits, the judge, however, proceeded, at chambers, in the parish of Carroll, to render one judgment for both causes, treating the two as one suit. He commences his opinion thus : " These two causes being submitted together, and only one judgment to be given for both suits, it is, by reason of the law and the evidence being in favor of the defendants, ordered, &c." After rendering a decree in favor of the defendants, he proceeds: "And, by consent, the judgment has been rendered and signed this Nov. 15, 1847 ; and the parties hereto are privileged to appeal therefrom within fifteen days from the filing of this judgment, and the clerk's entering it on the records of the court, by giving, for a devolutive appeal, a bond, for $100, and for a suspensive appeal, for $753."

Both parties appear to have been dissatisfied with this judgment. On the day after it was filed with the clerk of the court for the parish of Madison, the attorney for the plaintiff filed a motion for a new trial, on the ground that it was contrary to law and evidence, and that there was no consent that the two causes should be determined together, nor that a judgment should be rendered in either of them which should become final, or take effect, before the next ensuing term of the court for the parish of Madison. This motion was made during vacation, and has never been acted upon. The defendants gave an appeal bond, under the authority of the judgment itself, within fifteen days, and have brought the transcripts of both suits before us in one record. Upon this state of facts, the plaintiff has moved for the dismissal of the appeal, on the ground that it has been taken from a judgment not final.

The only authority upon which the judge proceeded to consider the two causes as one, and to render and sign at chambers a final judgment determining the matters at issue in both, was the alleged agreement of the parties. That agreement was not in writing, and is not before us ; we only learn that some such consent was entered into, by the reference made to it in the opinion of the judge. It has been repeatedly held that this court will not receive as evidence, facts, which do not otherwise appear in the record, than by the statement of the inferior judge in his opinion that they were proved. The evidence itself must be produced. *Broussard* v. *Broussard*, 19 La. 354. The foundation of the judges authority for rendering the judgment, was an agreement, the evidence of the making of which should have appeared upon the record. In the absence of such agreement, the judgment cannot be considered final. There is nothing before us to show that the parties have waived any of their rights. Under these circumstances, the judgment can only be considered as the written opinion of the judge, which can only become final on being read and signed in open court. The appeal is premature, and must be dismissed.

*Appeal dismissed.*