Otis vs. Sweeney.

---

No. 10,838.

HENRY OTIS VS. JAMES SWEENEY.

48 1073
48 941

1. The general rule is that when the transcript presents no evidence, and no note of evidence, this court will presume that the judge *a quo* had before him sufficient evidence to support his judgment, and will affirm the same; but this rule can not be applied, when the record shows that the judge acted without evidence, and upon consideration of the law only.

2. The plea of *res adjudicata* presents an issue of mixed law and fact, and a judgment sustaining it upon consideration of the law alone, and without evidence of the prior judgment propounded as its basis, is necessarily error.

APPEAL from the Civil District Court, Parish of Orleans. Rightor, J.

---

*W. S. Benedict* for Plaintiff and Appellant.

---

*T. M. Gill* for Defendant and Appellee.

68

*Otis vs. Sweeney.*

The opinion of the court was delivered by

FENNER, J.   This is an appeal taken from a judgment maintaining an exception of *res adjudicata*.   We have nothing else before us.

The record presents a complete certificate of the clerk that it contains "all the proceedings had, documents filed, testimony and evidence adduced upon the trial of the cause."

The record contains no evidence of any kind, and no note of evidence.

The appellee invokes the rule laid down by this court in many decisions that, in such a case, we will presume that the judge *a quo* had before him sufficient evidence to support his judgment, and will affirm the same.   39 An. 364, 883, 884; 34 An. 631; 33 An. 415; 26 An. 148, 734; 23 An. 293, 393, 446, 504; 22 An. 73, 118.

That presumption is properly applied in two cases, where the judgment appears on its face to be based on a consideration of the law and *the evidence*, or where the record otherwise shows that the judge acted on evidence.

But the record in this case fails to show that the judge received or acted on any evidence whatever, and, indeed, completely negatives the presumption that he did.

Thus the minutes show that the exception was submitted "after hearing pleadings and counsel."   And the judgment recites, as its reason, only the statement, "the law being considered and for the reasons orally assigned."

These entries exclude the idea that the judge had before him or considered any evidence whatever, and this is confirmed by the clerk's certificate.

The plea of *res adjudicata* necessarily presents an issue of mixed law and fact.   A judgment maintaining such a plea upon consideration of the law alone and without evidence of the prior judgment propounded as its basis, is obviously erroneous, and must be reversed.

We shall simply reverse, without, however, overruling the exception.   It is, therefore, adjudged and decreed that the judgment appealed from be avoided and reversed, and that the case be remanded to the lower court for a new trial of the exceptions and for further proceedings according to law, appellee to pay costs of appeal.