BRUNOT, J.
The petition recites that on April 12, 1917, the defendant obtained a judgment against G. B. Zigler in the district court of De Soto parish for $11,682.85.
On December 29, 1917, at a public sale in foreclosure proceedings entitled “Lucian W. Dalbey v. G. B. Zigler,” No. 980 of the docket of the Fifteenth judicial district court, the plaintiff acquired the following described property, viz.: “The east half of section eight (8) in township ten (10) south, range three (3) west Louisiana meridian, in Jefferson Davis parish, containing three hundred twenty-eight and 80/100 (328.80) acres.”
Subsequent to this sale defendant recorded in the Mortgage Records of the parish of Jefferson Davis the judgment it had obtained against Zigler in De Soto parish and thereafter in a revocatory action against Lucian W. Dalbey and G. B. Zigler, it attacked plaintiff’s title to the above-described property.
The case was tried and a judgment non-suiting the plaintiff was rendered therein. A suspensive appeal was taken from that judgment, and pending the decision on the appeal the appellant in that suit and the defendant in this suit, in execution of its judgment against Zigler, seized the said property. This seizure gave rise to the suit we are now considering, in which the plaintiff seeks to recover $9,864 as “damages for the illegal seizure, trespass and wanton and malicious slander of his title.”
The defendant filed an exception to the *116 jurisdiction of the court ratione" materia, which exception was overruled, whereupon defendant filed the exception of no cause or right of action. From a judgment sustaining this exception and dismissing the suit, plaintiff has appealed.
The record consists of the petition, the exceptions, the rulings of the court thereon, the minute entries, the order of appeal, and the bond.
In examining a question as to whether the rulings of the court below are correct, the appellate court will not consider grounds dehors the record. In the matter before us this court is not a forum in which new points may be presented or the merits of the case discussed, but it is merely a court of review to determine whether the rulings of the court below, as presented in the record before us, were correct. Ency. of Pl. & Pr. vol. 8, p. 163.
For the purposes of the exception of no cause or right of action, the allegations of the petition must be taken as true. Board of Health v. Maginnis Cotton Mills, 46 La. Ann. 806, 15 South. 164.
The petition contains the requisite averments and also states the litigation which grew out of the seizure of plaintiff’s property, partiiular reference being made therein to a mandamus proceeding and a suit to quiet plaintiff’s title, and in paragraph XX it specifically alleges:
“That the defendant, thrqugh its agents, attorneys and representatives has both in court and out persisted and continued to slander petitioner’s title to the said property and is continuing to do so to this date, well knowing the slander to be untrue, damaging and injurious and a trespass upon the said property and title.”
This, and the eight succeeding paragraphs, allege a cause and right of action sufficiently to support the judgment the plaintiff has prayed for.
Where the petition alleges an actionable wrong in terms sufficient to support the judgment prayed for, the exception of no cause or right of action must fall. Ency. of Pl. & Pr. vol. 8, p. 199.
For these reasons the judgment of the lower court, sustaining the exception of no cause or right of action, is reversed and the case is remanded, to be proceeded with according to law; the costs of this appeal to await the final judgment on the merits.