319 So.2d 783 (1975)
ECONOMY CARPETS MANUFACTURERS AND DISTRIBUTORS, INC.
v.
BETTER BUSINESS BUREAU OF BATON ROUGE, LOUISIANA, INC.
No. 56390.
Supreme Court of Louisiana.
October 1, 1975.
*784 Bart Eaton, D. Bert Garraway, Percy, Macmurdo, Gray & Eaton, Baton Rouge, for plaintiff-applicant.
Robert P. Breazeale and Van R. Mayhall, Jr., Breazeale, Sachse & Wilson, Baton Rouge, for defendant-respondent.
SUMMERS, Justice.
Economy Carpets Manufacturers and Distributors, Inc., instituted suit against the Better Business Bureau of Baton Rouge, La., Inc., on May 9, 1975 claiming treble damages and attorney's fees for conspiratorial actions by the BBB and others to restrain trade and commerce in violation of Section 122 of Title 51 of the Revised Statutes of Louisiana. See also La.R.S. 51:137. The cause of action is alleged to be founded upon the publication of a "Special Bulletin" by BBB in October 1974. False and misleading information in the bulletin charging Economy with unfair practices and other actions of BBB are alleged to have been calculated to injure, embarrass and humiliate Economy, damage its business and restrain trade.
Interrogatories were propounded by Economy to BBB. From these and other documents in the record we learn that the propriety of Economy's advertising practices had been referred by BBB to Elmer Tapp of the Governor's Office of Consumer Protection for investigation. He, in turn, enlisted the services of the Office of the Attorney General. Thereafter a motion for production was filed on May 15, 1975 by Economy in which it requested correspondence and complaints in BBB's possession referring to Economy and other carpet manufacturers. When this matter came on for hearing on June 2, 1975, it was argued and submitted to the Court. Whereupon, the motion was granted.
At this time counsel for BBB orally advised the Court that Economy had placed a sign directly across the street from the Better Business Bureau office. As a retort, counsel for Economy advised the court that BBB had issued a special bulletin commenting upon this litigation. The Court then issued the following protective order:
"All parties to this lawsuit are hereby instructed and ordered to cease and desist from using any public advertisements, *785 news media, private publications or other means whatsoever to draw attention to this litigation. All signs are to be removed within twenty-four hours."
The First Circuit denied review. These reasons are assigned:
"The trial judge has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the time so that justice is done. CCP Art. 1631. There is no abuse of the trial judge's discretion by the issuance of the order complained of."
Thereafter, when application was made here, a stay of execution was granted, and the court order was set aside, unless a showing to the contrary was made within five days by the trial judge.
A timely response by the trial judge set forth that shortly before the hearing of June 2 he had personally observed the sign referred to at the hearing. A photograph of the sign is attached to his response. He further stated that he had personal knowledge of another sign which had been erected by Economy on its premises. A photograph of this sign was also attached to his response. The photographs and signs contain reference to the Better Business Bureau and to Tapp with vulgar connotations. There is no reference to the litigation as such, but the implication that the signs are aimed at the controversy between Economy and BBB is clear, although the signs do not indicate they were attributable to Economy. In addition, the trial judge asserts that the dispute involved in this litigation had received wide publicity in the media. A number of newspaper clippings are attached to his response to substantiate this assertion.
Proscriptions set forth in the order, he submits, do not prohibit or prevent these litigants from responding to inquiries from the press or media. The order simply restricts the litigants from gratuitously erecting signs, inserting advertisements in the news media, or making private publications tending to further incite or inflame an already combustible controversy.
The protective order was issued upon these facts, the oral representations of counsel and the authority of Article 1631 of the Code of Civil Procedure granting the court "the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner."
In a later response two more photographs of signs allegedly placed by Economy along the streets in Baton Rouge and more newspaper publicity, all occurring after the order of June 2, are claimed to threaten to reduce the trial proceedings to a debacle and warrant the withdrawal of the stay order imposed by this Court.
Economy's application to the Court of Appeal and to this Court presents three issues:
1) The protective order was an abuse of discretion by the trial judge, for it was not the result of a motion and no evidence was received in support thereof.
2) The order violates Economy's rights under the First Amendment to the United States Constitution and Article I, Section 7, of the Louisiana Constitution.
3) There was no adversary proceeding and Economy was not notified in order that it might prepare and present its position.
Undoubtedly a court has the power to require that the proceedings be conducted with dignity and in an orderly and expeditious manner, and it is well-established that the judge can control the proceedings at trial to see that justice is done as Article 1631 of the Code prescribes. See also La.Code Civ.P. art. 191. Cf. La.Code Civ.P. arts. 221-27. This power and authority would comprehend the *786 issuance of a protective order to assure these results under proper circumstances.
However, these orders, like all rulings, orders, decrees and judgments issued by courts of law must be based upon record evidence. Orders of court, except in the case of authorized ex parte orders, must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter. La.Code Civ.P. art. 194, Dalbey v. Continental Supply Co., 155 La. 113, 98 So. 859 (1924); Lee v. Bennett, 3 La.Ann. 218 (1848).
Only the petition, answer, motions, orders and minutes of court in the record are properly cognizable by this Court, none of which provide support for the trial judge's order. There is no transcript of testimony, stipulation of fact, documents properly introduced or other legal evidence in the record to which this Court may turn in this review to support the order of the trial judge. Merchant's and Farmer's Bank & Trust Co. v. Hammond Motors Co., 161 La. 288, 108 So. 485 (1926).
Surely it is elementary that photographs of signs and newspaper clippings attached to briefs and responses, or sketchy reference to representations made by counsel in oral argument, are not evidence. Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (1972); Otis v. Sweeney, 43 La.Ann. 1073, 10 So. 247 (1891); Twichell v. Avegno, 19 La.Ann. 294 (La.1867); McAuliffe v. Destrehan, 9 Rob. 466 (La. 1845); Smith v. Henderson, 9 La.App. 425, 121 So.2d 227 (1928).
One fact which the record does make clear, and which no party disputes, is that the protective order was issued without notice to either party that it would result from the hearing being held at the time, and without according either party an opportunity to offer evidence. No rule was issued to show cause why the order should not issue; there was, in fact, no contradictory hearing or adversary proceeding on the question as contemplated by law. Issued ex parte, the order gave Economy no opportunity to traverse. It is not based upon facts in the record or upon facts which transpired in the courtroom.
In our view the order was improperly issued. This conclusion makes unnecessary a consideration of the contention that the protective order denied Economy the right of freedom of speech as guaranteed by the United States and Louisiana Constitutions.
For the reasons assigned, the protective order of the trial court dated June 2, 1975 is annulled and set aside, and the case is remanded to the trial court to be proceeded with in accordance with law.
BARHAM, J., does not participate.