BARRY, Judge.
Sandra Coffey Werner appeals on the basis that she was deprived of adequate and timely notice to respond to a motion for a summary judgment.
In May, 1986 Ms. Coffey, divorced wife of August F. Werner, filed a petition against the sureties (the maker corporation was in bankruptcy) of promissory notes and a mortgage executed by Werner Enterprises, Inc. She owned the notes and mortgage pursuant to a April 10, 1986 partition of the Coffeys’ community property. Ms. Coffey alleged that the notes were in default and despite a demand letter the sureties failed to respond. On May 17,1989 the defendants filed for summary judgment alleging they were not personally liable for any obligation of Werner Enterprises, Inc. and attached documentation and affidavits.
The motion for summary judgment was served on Ms. Coffey’s counsel on May 26, 1989 and the matter was set for June 2, 1989. On May 81, 1989 she filed a motion to continue the hearing because her counsel did not receive the requisite service ten days before the hearing date and she resided out of state. The motion argued that it was impossible to prepare a response prior to the hearing date.
On June 1, 1989 Coffey filed a response and again noted the untimely service for the hearing. Her response pointed out that she resided out of state and alleged that she was without funds and unable to adequately consult with her attorney. Ms. Coffey claimed that her ex-husband conspired with the surety defendants (his brothers and sisters) to frustrate her attempt to enforce their obligation. Ms. Coffey argued that the affidavits in support of the summary judgment were argumentative, self-serving and contained conclusions of law. She claimed that she would have filed an affidavit if she had adequate time.
According to both briefs, on June 2,1989 the court did not sign the continuance but agreed to delay the hearing in order to give counsel additional time. The record does not contain a minute entry to that effect. Ms. Coffey’s brief argues that she had the impression that she could submit supplemental documents by the trial date and she did not receive further notice prior to June 15, 1989. Defense counsel agrees that the judge delayed the hearing and instructed Ms. Coffey’s counsel to file (if he desired) supplemental memoranda.
On June 12, 1989 the judge granted the defendants’ summary judgment and dismissed Ms. Coffey’s suit. The judgment was entered on the minutes June 14, 1989. On June 13, 1989 Ms. Coffey filed for a summary judgment and submitted an affidavit and documentation in opposition to defendants’ motion and in support of her own motion for summary judgment.
Ms. Coffey states that she and her counsel went to court for trial on June 15, 1989 and learned that the summary judgment had been granted June 12. Ms. Coffey’s motion to continue was stamped “moot” on June 16, 1989.
Ms. Coffey again argues that she was not provided the ten day notice for the summary judgment motion mandated by La.C.C.P. art. 966 B. She correctly relies on La.C.C.P. art. 996 B which provides in pertinent part: “The motion for summary judgment shall be served at least ten days before the time specified for the hearing.” See Donnie Derouen Electrical Service v. McKay, 406 So.2d 734 (La.App. 3rd Cir.1981). In Villavasso v. Lincoln Beach Corporation, 146 So.2d 7, 12 (La.App. 4th Cir.1962), this Court stated:
Article 966 clearly intends that the procedure under it will be carried on contradictorily with adverse counsel, or party, and that a time shall be fixed by Court order for a hearing to be held at least ten days after service of the motion on opposing counsel, or party, which method would afford the adverse party a reasonable *1274 opportunity to appear and to present evidence and argument
If a party opposes a motion for summary judgment by counter affidavits or with a reason why a factual affidavits) cannot be produced, it is an abuse of discretion to refuse a continuance. See Migliore v. Kinsley, 531 So.2d 1091 (La.App. 4th Cir.1988).
It is uncontroverted that counsel was served May 26, 1989 and the hearing was set for June 2, 1989. Apparently both counsel assumed that resolution of the motion for summary judgment was left open on June 2, 1989. The judge rendered judgment on June 12, 1989 without further notice or consideration of Coffey’s motion and affidavit.
The court erred by granting summary judgment without a hearing ten days after service of the motion. That judgment is reversed and the matter remanded.
REVERSED AND REMANDED.