**Cecile A. LENNIX**

v.

**LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY**

**NO. 16–CA–347**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

PLAINTIFF/APPELLANT, Cecile A. Lennix IN PROPER PERSON

COUNSEL FOR DEFENDANT/APPELLEE, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY Nicholas C. Gristina Gordon P. Guthrie, III

Panel composed of Susan M. Chehardy, Jude G. Gravois, and Stephen J. Windhorst

CHEHARDY, C.J.

⎰In this matter, plaintiff appeals the judgment granting defendant's motion to enforce settlement. For the following reasons, the judgment is annulled and vacated and the matter is remanded to the district court for further proceedings.

**Facts and Procedural History**

On May 17, 2013, Cecile Lennix was involved in a motor vehicle accident in St. John the Baptist Parish, Louisiana. On May 15, 2014, plaintiff, Cecile A. Lennix, in proper person, filed a petition against Louisiana Farm Bureau Casualty Insurance Company (hereinafter "Farm Bureau") for damages incurred in that accident. On July 2, 2015, the presiding judge, Mary Hotard Becnel, held a status conference to deter-

mine whether discovery had been completed. After negotiations outside of the judge's presence, the parties returned to the courtroom that day, and agreed on the record as follows:

> We are entering into a total settlement in the amount of eight thousand six hundred thirty-two dollars. That will consists [*sic*] of three thousand one hundred fifty-three dollars that will be made payable to Med Point for a lien due to a bill at the Ochsner Medical Center. There will be an additional check in the amount of one thousand four hundred seventy-nine dollars to Trover Solutions. That is for a bill from the Kenner Emergency Group. And finally there will be a draft made payable to the order of Miss Cecile A. Lennix in the amount of four thousand dollars.

This agreement was not memorialized in writing. On July 29, 2015, Ms. Lennix filed a motion to appeal the agreement, which Judge Becnel denied as there was "no appealable judgment in the record."

On September 4, 2015, Farm Bureau filed a motion to enforce the settlement and compel the plaintiff to "execute certain settlement documents," which was set for a "show cause" hearing on October 14, 2015. As is clear from the supplemented record, Ms. Lennix was not served with notice of the rule to show cause.

On October 14, 2015, Ms. Lennix did not appear but Judge Becnel heard Farm Bureau's motion to enforce, granted the motion, and asked counsel for Farm Bureau to prepare a judgment. On October 16, 2016, Judge Becnel signed the written judgment granting Farm Bureau's motion to enforce the settlement. Ms. Lennix is appealing that judgment.

### Law and Analysis

■ At this juncture, we are unable to consider the merits of this appeal because we find that the judgment at issue is null and void and the case must be remanded to the district court.

La. C.C.P. art. 963 provides, in pertinent part:

> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
>
> The rule to show cause is a contradictory motion.

The rule to show cause is a contradictory motion requiring service on the adverse party. La. C.C.P. art. 963. Under La. C.C.P. art. 1312, except for certain motions not applicable here, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable. La. C.C.P. art. 1313(C) states: "Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier."

In the present case, the record does not reflect that Farm Bureau attempted to serve Ms. Lennix via certified or registered mail or via actual delivery by a commercial carrier as provided by La. C.C.P. art. 1313(C). Further, at the hearing on the motion to enforce, there was no discussion on the record regarding lack of service on Ms. Lennix. Moreover, in response to the Court's Order, it is apparent that Ms. Lennix was not served by the sheriff with notice of Farm Bureau's motion to enforce the settlement or the hearing date set for that motion.

■ On the other hand, we note that a litigant may not defeat service by merely refusing to accept service. This Court has

previously determined that a default is properly entered against a litigant after a factual determination by the judge that the party was avoiding service. *Trusty v. Allstate Ins. Co.*, 03–289 (La.App. 5 Cir. 11/12/03), 861 So.2d 634, 637. There must, however, be an evidentiary showing that Ms. Lennix was avoiding service before a valid judgment might have issued.

Accordingly, we find that the judgment on the motion to enforce the settlement is an absolute nullity because Ms. Lennix was not properly served with notice of the motion or the contradictory hearing on that motion. For the foregoing reasons, the judgment granting Farm Bureau's motion to enforce and dismissing Ms. Lennix's action is reversed, and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**.