| | | |
|---|---|---|
| ARONA T. WALKER AND ARONA WALKER ON BEHALF OF LEONA C. WALKER, DECEASED | * | NO. 2024-C-0198 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| KATE BROWN, MD, AND HER INSURANCE DEF INSURANCE AND LOUISIANA STATE UNIVIERSITY SCHOOL OF MEDICINE IN NEW ORLEANS, FACULTY GROUP PRACTICE, A/K/A LSU HEALTH NETWORK AND ITS INSURANCE XYZ INSURANCE | * * * * * * * | STATE OF LOUISIANA |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10981, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Sandra Cabrina Jenkins**

* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Stephen N. Chesnut
ATTORNEY AT LAW
1413 Chartres Street, Suite A
New Orleans, Louisiana 70116

      COUNSEL FOR PLAINTIFF/RESPONDENT

Thomas C. Cowen
Leah T. Therio
COWAN LAW FIRM, LLC
111 Veterans Memorial Blvd., Suite 1050
Metairie, Louisiana 70005

      COUNSEL FOR DEFENDANT/RELATOR –
Louisiana State University School of Medicine a Louisiana Non-Profit
Organization, d/b/a LSU Healthcare Network

Elizabeth Murrill
ATTORNEY GENERAL
Mary Katherine F. Koch
Assistant Attorney General
Litigation Division
1450 Poydras Street, Suite 900
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/RELATOR-
Kate Brown, M.D.


**WRIT GRANTED; JUDGMENT
VACATED AND MATTER REMANDED.
MAY 17, 2024**

SCJ

DLD

NEK

The defendant, Louisiana State University in New Orleans Faculty Group Practice, a Louisiana nonprofit organization d/b/a Louisiana State University Healthcare Network (LSUHN), seeks review of the trial court's judgment of February 20, 2024, denying its motion for summary judgment which sought dismissal of the plaintiff's claims against it.  For the following reasons, we grant writs, vacate the trial court's judgment and remand for a contradictory hearing pursuant to La. C.C.P. article 966.

The plaintiff, Arona Walker, filed the present action alleging that she has suffered physical and emotional injuries from the alleged failure of the defendant, Dr. Kate Brown, to timely sign Ms. Walker's daughter's death certificate.  Ms. Walker's daughter, Leona Walker, died on December 3, 2021, at her home.  The New Orleans Police Department and Coroner's office were called, and Leona Walker was pronounced dead at 12:31 a.m. on December 3, 2021.  The coroner released the body to Rhodes Funeral Home, which was handling the funeral and burial services.  Rhodes sent correspondence to Dr. Kate Brown, the decedent's family practitioner, to sign the death certificate.  According to the plaintiff's petition, Dr. Brown's office informed Rhodes that the Louisiana Department of Vital Records was awaiting a registration application from the funeral home.  The

plaintiff alleged in her petition that Dr. Brown "accepted the responsibility of signing the death certificate" after the funeral home provided it to her office, but the doctor failed to timely sign it. The plaintiff further averred in the petition due to Dr. Brown's failure to sign the death certificate, the plaintiff contacted Dr. Brown's supervisors in March 2022, and thereafter, Dr. Brown signed the death certificate. Plaintiff averred that she received the death certificate on March 25, 2022.

Plaintiff subsequently filed the present action against Dr. Brown and LSUHN, alleging that LSUHN was Dr. Brown's employer. LSUHN filed the present motion for summary judgment asserting that 1) it was not Dr. Brown's employer; 2) that it did not owe an independent duty to sign the death certificate; and 3) that even if it could be vicariously liable for Dr. Brown, Dr. Brown did not owe a duty to sign the death certificate.

The motion for summary judgment was filed on November 28, 2023, and a hearing was set for February 6, 2024. The plaintiff filed an opposition on January 26, 2024. On February 20, 2024, the trial court issued its judgment denying the motion for summary judgment, stating that it was rendering a ruling without a hearing and the briefs only. In the judgment, the trial court stated that Relator's motion "was originally set for contradictory hearing…on February 6, 2024." However, the trial court "in accordance with La. R. Dist. Ct. 9.0,[1] and in

---

[1] La Dist. Court Rules, Rule 9.0 "Daily Order of Business" provides:

> To provide for the expeditious administration of justice to the extent practicable, the court shall hear uncontested matters and the trials of motions or exceptions on days on which trials on the merits are not scheduled.
>
> If uncontested matters and the trials of motions or exceptions are heard on days on which trials on the merits are scheduled, the court will, where practicable, maintain the following order of business:
>
> (a) Uncontested matters, including default judgments.

2

recognition of judicial efficiency…determined" the motion for summary judgment "on the briefs submitted and filed into the record", due to an estimated fifteen-day jury trial that commenced before the trial court on January 8, 2024, wherein "[t]he jury did not reach a verdict until the eve of February 5, 2024."

The trial court was without authority to rule on the motion for summary judgment without conducting a contradictory hearing, as required by La. C.C.P. articles 963(B) and 966(C). While the trial court referenced La. R.S. Dist. Ct. 9.0, in stating that it was rendering the judgment without a hearing, the trial court failed to acknowledge that La. C.C.P. articles 963(B) and 966(C) supersede the local rule. La. C.C.P. article 966(C) provides that a "contradictory hearing shall be set." Further, given the Louisiana Supreme Court's jurisprudence strictly adhering to the language of La. C.C.P. 966, the requirements of the code article must be strictly followed. See *Auricchio v. Harriston*, 2020-01167 (La. 10/10/21), 332 So. 3d 660[2]. Thus, La. C.C.P. article 966 mandates a hearing on the motion, unless all parties agree otherwise. There is nothing in the judgment to suggest that the parties agreed to submit the matter on briefs.

---

(b) The trial of motions or exceptions that do not require the testimony of witnesses.

(c) The trial of motions or exceptions that require the testimony of witnesses.

(d) Trials on the merits.

[2] When discussing the time delays for filing an opposition, found in La. C.C.P. art. 966(B)(2), the Supreme Court reasoned that "[t]he clear and unambiguous language of Article 966(B)(2) says that, absent the consent of the parties and the court, an opposition *shall* be filed within the fifteen-day deadline established by the article. The word 'shall' is mandatory." *Auricchio v. Harriston*, 2020-01167, p. 4 (La. 10/10/21), 332 So.3d 660, 663 (emphasis in original) (citing La. R.S. 1:3). "Under well-established rules of interpretation, the word 'shall' excludes the possibility of being 'optional' or even subject to 'discretion,' but instead means 'imperative, of similar effect and import with the word 'must.'" *Id.* (quoting Louisiana *Fed'n of Tchrs. v. State*, 13-0120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051).

While the defendant did not assign this issue as error, the defendant did mention in its writ application that the trial court ruled on the motion without giving the defendant the opportunity to argue the merits of its motion. The trial court's error is a procedural and legal error. For the reasons provided in *Goldstein v. Chateau Orleans, Inc.,* 2020-0401 (La. App. 4 Cir. 11/12/21), 331 So. 3d 1027, a review of this issue is in the interest of justice.

> At the outset, we note the absence of an assignment of error or lack of objection ... by a litigant would not prevent the court of appeal from raising this issue. Without doubt, an appellate court has the authority to raise an issue *sua sponte* on appeal. The state constitution authorizes the appellate jurisdiction of a court of appeal in civil matters to extend to law and facts. La. Const. art. 5, § 10(A) and (B). La. C.C.P. art. 2129 specifically provides: '[a]n assignment of error is not necessary in any appeal.' La. C.C.P. art. 2164 provides an appellate court 'shall render any judgment which is just, legal, and proper upon the record on appeal.' Likewise, the uniform rules of the appellate courts require that an issue be submitted in an assignment of error, after first being raised in the district court, *'unless the interest of justice clearly requires otherwise.'* Uniform Rules Courts of Appeal, Rule 1–3 (emphasis added).
>
> This court has held, on the basis of this constitutional and codal authority, that an 'appellate court clearly had the authority to consider [an issue] even though there was no assignment of error in that regard.' *Nicholas v. Allstate Ins. Co.,* 1999-2522 p. 7-8 (La. 8/31/00), 765 So.2d 1017, 1023; *see also Georgia Gulf Corp. v. Board of Ethics for Public Employees,* [19]96-1907, p. 5-6 (La. 5/9/97), 694 So.2d 173, 176. Under the law, the court of appeal ha[s] the authority to raise an issue on appeal *sua sponte*.
>
> *Wooley v. Lucksinger*, 2009-0571, p. 62-63 (La. 4/1/11), 61 So. 3d 507, 562–63 (emphasis in original).

*Goldstein,* 2020-0401, pp. 18-19, 331 So. 3d 1027, 1040.

La. C.C.P. art. 963 requires a contradictory hearing when the mover is not clearly entitled or when there is a need for supporting proof; and specific to the summary judgment procedure, the law requires that "[u]nless otherwise agreed to by all of the parties and the court" that "[a] contradictory hearing on a motion for summary judgment *shall be* set" no less than thirty days after its filing, nor less

4

than thirty days before trial.  La. C.C.P. art. 963(B); and La. C.C.P. art. 966(C)(1)(a) (emphasis added).  In the matter *sub judice*, LSUHN filed its motion for summary judgment on November 28, 2023, which was set for hearing on February 6, 2024.  There is no indication that this case has been set for trial, but the hearing on LSUHN's summary judgment motion was set more than thirty days after its filing.  However, presumably the date was agreed to by the parties and the court, since, there is nothing in the record to indicate otherwise. Nevertheless, based on the record, the parties and the trial court intended that there would be a contradictory hearing on the motion for summary judgment, which was set to occur on February 6, 2024.

However, the trial court unilaterally, without the parties' consent, decided to forego the contradictory hearing, due to a scheduling issue regarding an ongoing trial and determined the motion on the pleadings.  As a basis for not conducting a contradictory hearing the trial court cited the district court rule regarding the daily order of business, Rule 9.0 and judicial efficiency, neither of which allow a trial court to not conduct a hearing when mandated by law.[3]

It is recognized that Louisiana District Court Rule, Rule 9.18, provides that "[o]ral argument is a privilege, not a right, and is within the court's discretion." However, although trial courts have the power to conduct their proceedings in an orderly and expeditious manner – the orders, rulings, decrees and judgments issued

---

[3] Louisiana District Court Rules, Rule 9.1, advises as to the applicable procedure, stating that scheduled matters not heard when originally scheduled should be rescheduled (not summarily decided).  The rule provides:

> Whenever practicable, matters should be heard in the order placed on the docket. If the trial of a matter is begun but not concluded before court is adjourned, that trial should take precedence the following day, when practical.

> If the court is unable to hear a scheduled matter, the matter should be rescheduled for hearing at the next available date and time.

La. Dist. Ct. Rules, Rule 9.1.

must be based upon record evidence.  *See Econ. Carpets Mfrs. & Distributors, Inc. v. Better Bus. Bureau of Baton Rouge, Louisiana, Inc.*, 319 So. 2d 783, 785-786 (La. 1975).  Further, the orders of the court, unless an *ex parte* order, "must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter."  *Econ. Carpets Mfrs. & Distributors, Inc.*, 319 So. 2d at 786.  The exception to this rule is when a party is clearly entitled to *ex parte* relief, without a hearing or when a motion is certified as being unopposed.  *See* La. C.C.P. art. 963(A).  However, a contested motion, such as LSUHN's motion for summary judgment is required to be tried contradictorily.  *See* La. C.C.P. art. 963(B).  La. C.C.P. art. 963(B) states that "[i]f the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party."  "The word 'shall' is mandatory…"  La. C.C.P. art. 5053.

Moreover, like La. C.C.P. art. 963, La. C.C.P. art. 966 also mandates that the trial court conduct a contradictory hearing.  *See* La. C.C.P. art. 966(C)(1)(a).  This Court has long held that pursuant to La. C.C.P. art. 966, even under its previous iterations that "[a] motion for summary judgment is intended to be a contradictory proceeding with hearing on the day fixed by the court."  *Normand Co. v. Abraham*, 176 So. 2d 178, 181 (La. App. 4th Cir. 1965), citing *Villavasso v. Lincoln Beach Corp.*, 146 So. 2d 7, 12 (La. App. 4th Cir. 1962); and *also see Werner v. Werner*, 564 So. 2d 1272, pp. 1273-1274 (La. App. 4th Cir. 1990).  Summary judgment proceedings "are governed by statutorily-set deadlines, require citation, specific burdens of proof, the filing of specific supporting documentation, and a noticed contradictory hearing."  *Rover Grp., Inc. v. Clark*, 2021-1365, p. 5 (La. App. 1 Cir.

6

4/8/22), 341 So. 3d 842, 847, citing La. C.C.P. art. 966. "La. C.C.P. art. 966(C)(1)(a) now expressly provides that a district court must set a contradictory hearing on the motion for summary judgment unless the parties and district court agree otherwise", as such the Article "clearly intends that the hearing will be contradictory with adverse counsel or parties present such that it affords the adverse party a reasonable opportunity to appear and to present argument." *Viering v. Liberty Mut. Ins. Co.*, 2017-0204, p. 11 (La. App. 1 Cir. 9/27/17), 232 So. 3d 598, 605. In this case, the trial court erred by not conducting a contradictory hearing on LSUHN's motion for summary judgment, absent the consent of the parties.

Accordingly, LSUHN's writ application is granted, the trial court's judgment is vacated and the matter is remanded for a contradictory hearing as provided for in La. C.C.P. article 966.

**WRIT GRANTED, JUDGMENT VACATED AND CASE REMANDED.**

7