| VERNON MANGUM | * | NO. 2024-C-0260 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JOVON TATE, GREENSBURG | * | |
| TRUCKING, LLC, EVANS | | FOURTH CIRCUIT |
| DELIVERY COMPANY, INC., | * | |
| AND GREATWIDE | | STATE OF LOUISIANA |
| LOGISTICS MANAGEMENT, | * * * * * * * | |
| INC. | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08528, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge Nakisha Ervin-Knott)

Guy D. Perrier
Michael W. Robertson
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130

  COUNSEL FOR DEFENDANTS/RELATORS, JOVON TATE; GREENSBURG TRUCKING, LLC; GREATWIDE DALLAS MAVIS, LLC; AND ACE AMERICAN INSURANCE COMPANY

Darleen M. Jacobs
Rene D. Lovelace
Law Offices of Darleen M. Jacobs & Associates
823 St. Louis Street
New Orleans, Louisiana 70112

  COUNSEL FOR PLAINTIFF/RESPONDENT, VERNON MANGUM

**WRIT GRANTED; JUDGMENT VACATED AND REMANDED**
**MAY 29, 2024**

This application for supervisory review arises from the trial court's denial of a motion for summary judgment without holding a contradictory hearing. The Louisiana Code of Civil Procedure requires that the trial court hold a contradictory hearing prior to ruling on a motion for summary judgment. As such, we grant the writ, vacate the trial court's judgment, and remand the matter to the trial court to conduct a contradictory hearing.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Vernon Mangum ("Mr. Mangum") filed suit alleging that on September 24, 2021, he was employed by Home Depot and was unloading a truck in the course and scope of his employment when the driver of the truck drove away from the docking area while he was still in the process of unloading the truck. Mr. Mangum contends he was driving a forklift either off or onto the truck when the truck's driver, Javon Tate ("Mr. Tate"), pulled away from the dock, causing him to fall and causing the forklift to fall on top of him. According to Mr. Mangum's First Supplemental and Amended Petition, Greatwide Dallas Mavis, LLC ("Greatwide"), contracted with Mr. Tate's employer, Greensburg Trucking, LLC, ("Greensburg") to lease the truck Mr. Tate drove. ACE American Insurance

1

Company ("ACE") insured Greensburg and Mr. Tate.

Mr. Mangum filed suit against Mr. Tate, Greensburg, Greatwide, and ACE (collectively "Relators"). Home Depot and its insurer, New Hampshire Insurance Company ("New Hampshire") intervened in the suit seeking reimbursement for worker's compensation benefits.

Relators filed a Motion for Summary Judgment seeking to dismiss all of Mr. Mangum's claims, as well as those of interveners, Home Depot and New Hampshire. Without conducting a contradictory hearing on Relators' Motion for Summary Judgment, the trial court denied the motion.

### *MOTION FOR SUMMARY JUDGMENT*

Relators assert the trial court erred in denying their Motion for Summary Judgment on the issue of liability because the undisputed facts show 1) Mr. Tate had no responsibility for unloading the trailer, 2) a Home Depot employee, released Mr. Tate to leave, and 3) Mr. Tate could not have known that Mr. Mangum was in his trailer as he pulled out of the Home Depot loading dock.

### *Standard of Review*

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The mover bears the burden of proof. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial," the mover is only required "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*. Then, "[t]he burden is on the adverse party to produce factual support

2

sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

The appellate court reviews the trial court's summary judgment rulings utilizing the *de novo* standard of review. *Schwarzenberger v. Louisiana State University Health Sciences Center New Orleans*, 17-0214, pp. 9-10 (La. App. 4 Cir. 8/24/17), 226 So. 3d 1200, 1207.

***Trial Court's Judgment***

The trial court denied Relators' Motion for Summary Judgment and stated the following in written reasons for judgment:

> This matter was originally set for contradictory hearing before this Court on January 10, 2024, on the Motion for Summary Judgment, filed on October 25, 2023, on behalf of Defendants, Jovon Tate, Greensburg Trucking, LLC, Greatwide Dallas Mavis, LLC, and Ace American Insurance Company. However, on January 8, 2024, this Court commenced an estimated fifteen-day jury trial in CDC No. 2022-07358 <u>Hidalgo, Hunter PHD v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College et al</u>, Div. F-14. The Jury did not reach a verdict until the eve of February 5, 2024. As such, in accordance with La. R. Dist. Ct. 9.0, and in recognition of judicial efficiency, this Court determined the above-referenced *Pleading* on the briefs submitted and filed into the record. After considering the record and Briefs filed, this Court renders the following Reasons with *Judgment* in accordance with Louisiana Code of Civil Procedure Article 966(C)(4).

***Jurisprudence***

This Court previously examined a similar judgment denying a motion for summary judgment, wherein the trial court did not first conduct a contradictory hearing. In *Walker v. Brown*, 24-0198 (La. App. 4 Cir. 5/17/24), ___ So. 3d ___, 2024 WL 2237641, the trial court judge issued a judgment denying defendant's motion for summary judgment using the identical language and reasoning

contained in the present judgment.  We found:

> The trial court was without authority to rule on the motion for summary judgment without conducting a contradictory hearing, as required by La. C.C.P. articles 963(B) and 966(C). While the trial court referenced La. R.S. Dist. Ct. 9.0, in stating that it was rendering the judgment without a hearing, the trial court failed to acknowledge that La. C.C.P. articles 963(B) and 966(C) supersede the local rule. La. C.C.P. article 966(C) provides that a "contradictory hearing shall be set." Further, given the Louisiana Supreme Court's jurisprudence strictly adhering to the language of La. C.C.P. 966, the requirements of the code article must be strictly followed. [*See*] *Auricchio v. Harriston*, 2020-01167 (La. 10/10/21), 332 So. 3d 6602. Thus, La. C.C.P. article 966 mandates a hearing on the motion, unless all parties agree otherwise. There is nothing in the judgment to suggest that the parties agreed to submit the matter on briefs.
>
> . . . .
>
> La. C.C.P. art. 963 requires a contradictory hearing when the mover is not clearly entitled or when there is a need for supporting proof; and specific to the summary judgment procedure, the law requires that "[u]nless otherwise agreed to by all of the parties and the court" that "[a] contradictory hearing on a motion for summary judgment *shall* be set" no less than thirty days after its filing, nor less than thirty days before trial. La. C.C.P. art. 963(B); and La. C.C.P. art. 966(C)(1)(a) (emphasis added). In the matter *sub judice*, LSUHN filed its motion for summary judgment on November 28, 2023, which was set for hearing on February 6, 2024. There is no indication that this case has been set for trial, but the hearing on LSUHN's summary judgment motion was set more than thirty days after its filing. However, presumably the date was agreed to by the parties and the court, since, there is nothing in the record to indicate otherwise. Nevertheless, based on the record, the parties and the trial court intended that there would be a contradictory hearing on the motion for summary judgment, which was set to occur on February 6, 2024.
>
> However, the trial court unilaterally, without the parties' consent, decided to forego the contradictory hearing, due to a scheduling issue regarding an ongoing trial and determined the motion on the pleadings. As a basis for not conducting a contradictory hearing the trial court cited the district court rule regarding the daily order

of business, Rule 9.0 and judicial efficiency, neither of which allow a trial court to not conduct a hearing when mandated by law.

It is recognized that Louisiana District Court Rule, Rule 9.18, provides that "[o]ral argument is a privilege, not a right, and is within the court's discretion." However, although trial courts have the power to conduct their proceedings in an orderly and expeditious manner – the orders, rulings, decrees and judgments issued must be based upon record evidence. *See Econ. Carpets Mfrs. & Distributors, Inc. v. Better Bus. Bureau of Baton Rouge, Louisiana, Inc.*, 319 So. 2d 783, 785-786 (La. 1975). Further, the orders of the court, unless an *ex parte* order, "must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter." *Econ. Carpets Mfrs. & Distributors, Inc.*, 319 So. 2d at 786. The exception to this rule is when a party is clearly entitled to *ex parte* relief, without a hearing or when a motion is certified as being unopposed. *See* La. C.C.P. art. 963(A). However, a contested motion, such as LSUHN's motion for summary judgment is required to be tried contradictorily. *See* La. C.C.P. art. 963(B). La. C.C.P. art. 963(B) states that "[i]f the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." "The word 'shall' is mandatory..." La. C.C.P. art. 5053.

Moreover, like La. C.C.P. art. 963, La. C.C.P. art. 966 also mandates that the trial court conduct a contradictory hearing. *See* La. C.C.P. art. 966(C)(1)(a). This Court has long held that pursuant to La. C.C.P. art. 966, even under its previous iterations that "[a] motion for summary judgment is intended to be a contradictory proceeding with hearing on the day fixed by the court." *Normand Co. v. Abraham*, 176 So. 2d 178, 181 (La. App. 4th Cir. 1965), citing *Villavasso v. Lincoln Beach Corp.*, 146 So. 2d 7, 12 (La. App. 4th Cir. 1962); and *also see Werner v. Werner*, 564 So. 2d 1272, pp. 1273-1274 (La. App. 4th Cir. 1990). Summary judgment proceedings "are governed by statutorily-set deadlines, require citation, specific burdens of proof, the filing of specific supporting documentation, and a noticed contradictory hearing." *Rover Grp., Inc. v. Clark*, 2021-1365, p. 5 (La. App. 1 Cir. 4/8/22), 341 So. 3d 842, 847, citing La. C.C.P. art. 966. "La. C.C.P. art. 966(C)(1)(a) now expressly provides that a district court must set a

contradictory hearing on the motion for summary judgment unless the parties and district court agree otherwise", as such the Article "clearly intends that the hearing will be contradictory with adverse counsel or parties present such that it affords the adverse party a reasonable opportunity to appear and to present argument." *Viering v. Liberty Mut. Ins. Co.*, 2017-0204, p. 11 (La. App. 1 Cir. 9/27/17), 232 So. 3d 598, 605. In this case, the trial court erred by not conducting a contradictory hearing on LSUHN's motion for summary judgment, absent the consent of the parties.

Accordingly, LSUHN's writ application is granted, the trial court's judgment is vacated and the matter is remanded for a contradictory hearing as provided for in La. C.C.P. article 966.

*Walker*, 24-0198, pp. 2-4 (La. App. 4 Cir. 5/17/24), ___ So. 3d at ___, 2024 WL 2237641, *3-7 (internal footnotes omitted).

In the current mater, we are presented with the same procedural posture. Relators filed a Motion for Summary Judgment, which the trial court scheduled for a contradictory hearing. However, the trial court cancelled the hearing and rendered judgment, which is not permitted pursuant to La. C.C.P. art. 966 and *Walker*. Therefore, we grant the application for supervisory review, vacate the trial court's judgment, and remand the matter for the trial court to conduct a contradictory hearing on Relators' Motion for Summary Judgment, pursuant to La. C.C.P. art. 966(C)(1)(a).

**WRIT GRANTED; JUDGMENT VACATED AND REMANDED**