**RONALD WILSON**

**VERSUS**

**FELIPE'S VENTURES, L.L.C. AND HANOVER AMERICAN INSURANCE COMPANY**

\*       **NO. 2024-CA-0363**

\*

      **COURT OF APPEAL**

\*

      **FOURTH CIRCUIT**

\*

      **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05197, DIVISION "F-14"
Honorable Jennifer M. Medley
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson)

Pius A. Obioha
Joseph R. Barbie Sr.
LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, LLC
1550 North Broad Street
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT


John E. Unsworth, III
LAW OFFICES OF ROBERT D. FORD
111 Veterans Memorial Blvd., Suite 1710
Metairie, LA 70005

     COUNSEL FOR DEFENDANT/APPELLEE

**VACATED AND REMANDED**

**DECEMBER 27, 2024**

This appeal arises from a motion to enforce settlement. Plaintiff/appellant, Ronald Wilson ("Wilson"), appeals the January 29, 2024 judgment of the district court, which granted the motion to enforce settlement filed by defendants/appellees, Felipe's Ventures, LLC and Hanover American Insurance Company (collectively "Felipe's"). For the reasons that follow, we vacate the judgment and remand for further proceedings.

On June 18, 2021, Wilson filed a petition for damages, alleging that he sustained personal injuries on July 27, 2020, when he sat on a bench at Felipe's restaurant and the bench broke. Thereafter, on August 16, 2023, the matter proceeded to mediation. A dispute arose as to whether, after mediation, Wilson accepted Felipe's settlement offer. On October 13, 2023, Felipe's filed a motion to enforce settlement. Wilson retained new counsel, and former counsel filed a petition for intervention to recover a share of the attorney's fees for the work performed. On November 16, 2023, Wilson filed an opposition to the motion to enforce settlement, arguing that mediation was unsuccessful, and he did not accept

1

the settlement offer or grant his former counsel express authority to settle for the terms that Felipe's offered.

A hearing was scheduled on November 30, 2023 and was later continued to January 24, 2024. However, no hearing took place. The district court cancelled the hearing, due to an ongoing fifteen-day jury trial in its division, and considered the motion to enforce on the briefs.[1] On January 29, 2024, the district court granted the motion to enforce and ordered that the settlement proceeds be placed in the registry of the court pending resolution of the petition for intervention. On February 15, 2024, Wilson filed a motion for new trial, which the district court denied on April 24, 2024. Meanwhile, on March 14, 2024, the district court issued reasons for its January 29, 2024 judgment. This appeal follows.

The Louisiana Civil Code defines a settlement or "compromise" as a "contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071. The requirements for a valid settlement agreement are articulated in La. C.C. art. 3072, which provides that the settlement "shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "The party who attempts to rely on the existence of a compromise agreement bears the burden of proof to show that the requirements for a valid compromise are present,

---

[1] The parties represent that the district court's law clerk notified them via email that the hearing was cancelled and the matter was submitted on the briefs. The email is not a part of this Court's record. The district court described these events, however, in its March 14, 2024 reasons for judgment.

including that the parties intended to settle." *Suire v. Lafayette City-Par. Consol. Gov't*, 04-1459, 04-1460, 04-1466, pp. 24-25 (La. 4/12/05), 907 So.2d 37, 55.

Wilson's arguments on appeal primarily address the sufficiency of the evidence the district court considered in granting the motion to enforce settlement. We do not reach the merits of whether a settlement exists, however, because the district court's failure to conduct a contradictory hearing was a procedural and legal error.[2]

Ordinarily, an appellate court reviews a district court's judgment granting a motion to enforce a compromise agreement under the manifest error standard. *NOLA Title Co., L.L.C. v. Archon Info. Sys., LLC*, 22-0697, p. 12 (La. App. 4 Cir. 4/13/23), 360 So.3d 166, 175, *writ denied*, 23-00682 (La. 9/19/23), 370 So.3d 467. "This is because the existence or validity of a compromise depends on a finding of the parties' intent, an inherently factual finding." *Feingerts v. State Farm Mut. Auto. Ins. Co.*, 12-1598, 13-0023, p. 4 (La. App. 4 Cir. 6/26/13), 117 So.3d 1294, 1297 (quotation omitted). As is generally the case in civil matters, findings of fact are reviewed under the manifest error standard. *Howard v. Louisiana Citizens Prop. Ins. Corp.*, 10-1302, p. 3 (La. App. 4 Cir. 4/27/11), 65 So.3d 697, 699. However, the determination of whether a contradictory hearing is required before ruling on a motion to enforce settlement is a question of law. "Questions of law are

---

[2] While not specifically assigned as error, Wilson complains in his brief that he was denied his day in court. He first raised the argument in his motion for new trial that the district court erroneously cancelled the hearing. Felipe's argued that Wilson did not object to the district court's email or request a continuance. Regardless, this Court recently observed its authority to review this issue, *sua sponte*, in the interest of justice. *Walker v. Brown*, 24-0198, p. 4 (La. App. 4 Cir. 5/17/24), 390 So.3d 427, 430 (citations omitted)(determining that the lower court's ruling on a motion for summary judgment "without giving the defendant the opportunity to argue the merits of its motion … is a procedural and legal error.")

reviewed by appellate courts *de novo*, without deference to the legal conclusions of the lower court." *Hummel v. Reg'l Transit Auth.*, 21-0226, p. 4 (La. App. 4 Cir. 11/10/21), 331 So.3d 421, 424 (quotation omitted).

The district court's written reasons for judgment reflect the circumstances leading to its cancellation of the hearing, as follows:

> This matter was originally set for contradictory hearing before this Court on January 24, 2024, on *Defendant's Motion to Enforce Settlement*, filed on October 13, 2023, on behalf of Felipe's Ventures, LLC, and Hanover American Insurance Company. However, on January 8, 2024, this Court commenced an estimated fifteen-day jury trial in *CDC No. 2022-07358 Hidalgo, Hunter PHD v. Board of Supervisors of Louisiana Agricultural and Mechanical College et al, Div. F-14*. The jury did not return a verdict until the eve of February 5, 2024. In Accordance with La. R. Dist. Ct. 9.0, and in recognition of judicial efficiency, this Court determined the above-referenced *Pleading* on the briefs submitted and filed into the record.

Two recent appeals to this Court arose from essentially the same circumstances, and in both of these appeals, this Court determined that the district court lacked the authority to rule on a motion for summary judgment without first conducting a contradictory hearing. *Walker v. Brown*, 24-0198, p. 3 (La. App. 4 Cir. 5/17/24), 390 So.3d 427, 430; *Mangum v. Tate*, 24-0260, p. 4 (La. App. 4 Cir. 5/29/24), 390 So.3d 452, 455. Observing nothing in the judgment to suggest that the parties agreed to submit the matter on briefs, this Court held that La. C.C.P. arts. 963(B) and 966(B) mandated a hearing on the motion and that the aforementioned Code of Civil Procedure Articles supersede the local rule, La. R.

Dist. Ct. 9.0.[3] *Walker*, 24-0198, p. 3, 390 So.3d at 430; *Mangum*, 24-0260, p. 4, 390 So.3d at 455.

While Article 966 governs summary judgments,[4] Article 963 is entitled "Ex parte, contradictory, and unopposed motions; rule to show cause" and provides as follows:

> A. If the order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
>
> B. If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
>
> C. The rule to show cause is a contradictory motion.
>
> D. An unopposed motion is one to which all affected parties have consented prior to the filing of the motion. The mover shall certify in the motion that the mover has

---

[3] Louisiana District Court Rule 9.0 is entitled " Daily Order of Business" and states:

> To provide for the expeditious administration of justice to the extent practicable, the court shall hear uncontested matters and the trials of motions or exceptions on days on which trials on the merits are not scheduled.
>
> If uncontested matters and the trials of motions or exceptions are heard on days on which trials on the merits are scheduled, the court will, where practicable, maintain the following order of business:
>
> (a) Uncontested matters, including default judgments.
>
> (b) The trial of motions or exceptions that do not require the testimony of witnesses.
>
> (c) The trial of motions or exceptions that require the testimony of witnesses.
>
> (d) Trials on the merits.

[4] Under La. C.C.P. art. 966(C)(1)(a), "[u]nless otherwise agreed to by all of the parties and the court: [a] contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date."

5

obtained the consent of all affected parties both to the motion and to the accompanying order that is presented to the court. Failure to certify that all affected parties have consented requires the motion to be set for contradictory hearing.

As the *Walker* Court explained:

> La. C.C.P. art. 963 requires a contradictory hearing when the mover is not clearly entitled or when there is a need for supporting proof. . . .

> However, the trial court unilaterally, without the parties' consent, decided to forego the contradictory hearing, due to a scheduling issue regarding an ongoing trial and determined the motion on the pleadings. As a basis for not conducting a contradictory hearing the trial court cited the district court rule regarding the daily order of business, Rule 9.0 and judicial efficiency, neither of which allow a trial court to not conduct a hearing when mandated by law.

> It is recognized that Louisiana District Court Rule, Rule 9.18, provides that "[o]ral argument is a privilege, not a right, and is within the court's discretion." However, although trial courts have the power to conduct their proceedings in an orderly and expeditious manner – the orders, rulings, decrees and judgments issued must be based upon record evidence. *See Econ. Carpets Mfrs. & Distributors, Inc. v. Better Bus. Bureau of Baton Rouge, Louisiana, Inc.*, 319 So. 2d 783, 785-786 (La. 1975). Further, the orders of the court, unless an *ex parte* order, "must be predicated upon evidence introduced into the record, affording ample opportunity to those affected thereby to contradict, rebut and otherwise support their position in the matter." *Econ. Carpets Mfrs. & Distributors, Inc.*, 319 So. 2d at 786. The exception to this rule is when a party is clearly entitled to *ex parte* relief, without a hearing or when a motion is certified as being unopposed. *See* La. C.C.P. art. 963(A). However, a contested motion, such as LSUHN's motion for summary judgment is required to be tried contradictorily. *See* La. C.C.P. art. 963(B). La. C.C.P. art. 963(B) states that "[i]f the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." "The word 'shall' is mandatory…" La. C.C.P. art. 5053.

6

*Walker*, 24-0198, pp. 4-6, 390 So.3d at 431-32 (footnote omitted); *Mangum*, 24-0260, pp. 4-5, 390 So.3d at 455-56.

While a motion for summary judgment and motion to enforce settlement are procedurally distinct,[5] there can be no doubt that La. C.C.P. art. 963(B) applies to a motion to enforce settlement. The motion to enforce is a contested motion requiring supporting proof of the settlement's existence. It is not an unopposed motion to which a party is clearly entitled to *ex parte* relief. Therefore, unless the parties agree otherwise, La. C.C.P. art. 963(B) mandates that "the motion shall be served on and tried contradictorily with the adverse party." While this Court has not directly addressed the hearing requirement for a motion to enforce settlement, other courts have reached similar conclusions. In *Lennix v. Louisiana Farm Bureau Cas. Ins. Co.*, 16-347, p. 2 (La. App. 5 Cir. 12/7/16), 207 So.3d 653, 654, the court held that a rule to show cause, setting a hearing on a motion to enforce settlement, was a contradictory motion, for which Article 963(B) required service on the adverse party. In *Landis Const. Co., L.L.C. v. State*, 15-1167, p. 3 (La. App. 1 Cir. 2/29/16), 199 So.3d 1, 2, citing to La. C.C.P. art. 963, the court recognized that "[w]hen a party raises a motion that must be proven, it is that party's burden to present evidence establishing the claims made therein." When considering the procedural sufficiency of a motion to enforce a consent judgment, the *Landis* court determined that the exhibits merely attached to the memoranda (including the consent judgment) had not been introduced and admitted into evidence at the

---

[5] *See Howard*, 10-1302, p. 4, 65 So.3d at 700.

hearing; consequently, the lower court erred in considering those exhibits and relying on them to grant the motion. *Id.*, p. 3, 199 So.3d at 2-3 (citing *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). Another court, examining the same issue, vacated a judgment granting a motion to enforce settlement where the lower court heard only argument of counsel and no evidence had been introduced before the lower court on which to base the ruling. *Scheuermann v. Cadillac of Metairie, Inc.*, 11-1149, pp. 6-7 (La. App. 5 Cir. 5/31/12), 97 So.3d 423, 427.

In summary, Article 963 clearly intends that a contradictory motion requiring supporting proof must be tried at a contradictory hearing. A motion to enforce settlement requires supporting proof, and La. C.C.P. art. 963(B) mandates a contradictory hearing. The district court lacked authority to rule on the motion to enforce without conducting a contradictory hearing to receive evidence properly offered and introduced by the parties. In ruling on the briefs, absent the consent of the parties, the district court erred as a matter of law and its judgment must be vacated.

Accordingly, for the reasons set forth in this opinion, we vacate the January 29, 2024 judgment of the district court, and we remand this matter for further proceedings.

**VACATED AND REMANDED**